**Larry THORNHILL, Plaintiff/Appellant,**

v.

**John O. MARSH, Jr., Secretary of the Department of the Army, Defendant/Appellee.**

**No. 87–4008.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1988.

Decided Feb. 2, 1989.

---

Donald B. Potter, Richard C. Busse, Law Offices of Richard C. Busse, Portland, Or., for plaintiff-appellant.

Charles H. Turner, U.S. Atty., Judith D. Kobbervig, Asst. U.S. Atty., Portland, Or., for defendant-appellee.

Before BROWNING, TANG and FARRIS, Circuit Judges.

PER CURIAM:

Thornhill filed a civil action alleging he was discharged by the Corps of Engineers in violation of the Rehabilitation Act of 1973. 29 U.S.C. § 794. The district court granted summary judgment for the government on two independent grounds. We reverse.

I

Thornhill was hired by the Corps as a utility man. The job required frequent lifting of up to 50 pounds of material and equipment and occasional lifting of up to 100 pounds. Thornhill's employment was conditioned on passing a physical examination. X-rays of Thornhill's back revealed a congenital spinal deformity. The physician who examined Thornhill on the Corps' behalf, Dr. Bricker, an internist, reported that because of Thornhill's congenital spinal deformity Thornhill should not lift more than 25 to 50 pounds. The Corps discharged Thornhill. Thornhill was then examined by an orthopedic specialist, Dr.

Schwartz, who reported that Thornhill's deformity did not limit his lifting capacity.[1] Based on Dr. Schwartz's report, Dr. Bricker withdrew his earlier opinion that Thornhill's lifting capacity was limited. The Corps nonetheless declined to rehire Thornhill.

The district court held that Thornhill's claim was not covered by the Act. The court reasoned as follows:

Thornhill has consistently asserted that he is qualified for the position of utility worker; his "handicap" is that he is perceived as not meeting the weight lifting requirements of the position. This argument must fail. Thornhill's dispute with the Corps about his physical ability to do the job cannot be turned into a claim for discrimination against the handicapped when his perceived "handicap" is precisely what disqualifies him for the job. Either he can meet the position's weight lifting requirements and is not handicapped or his handicap prevents him from meeting position requirements. Thornhill does not fall within the protection of the Rehabilitation Act.

■ The Act provides: "No otherwise qualified individual with handicaps ... shall, solely by reason of his handicap ... be subjected to discrimination...." 29 U.S.C. § 794. Thus, an individual must be both "handicapped" and "otherwise qualified" to be protected by the Act. *Reynolds v. Brock*, 815 F.2d 571, 573 (9th Cir.1987).

A person is "handicapped," not only if he has a substantially limiting impairment, but also if he "is regarded as having" such an impairment. 29 C.F.R. § 1613.702(a)(3). Thornhill claims he was so regarded by the Corps because of the congenital back deformity which Dr. Bricker initially evaluated as severely limiting Thornhill's lifting capacity.

■ An individual is "otherwise qualified" if he is "able to meet all of a program's requirements in spite of his handi-

---

1. Dr. Schwartz also reported Mr. Thornhill said he had a "stabbing pain down the back of his left leg when he carries something on his right side for a long distance." The significance, if any, of this portion of the report was not considered by the district court.

cap." *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). Thornhill claims he was "otherwise qualified" for the job of utility man because, in fact, he was subject to no lifting limitation at all.[2]

■ Thornhill's "handicap" is not, as the district court stated, that he does not meet the weight lifting requirements of the position. His "handicap" is the congenital deformity of his spine which the Corps perceived as imposing a disqualifying limitation on his ability to lift weight. Obviously this "handicap" is not, as the district court stated, "precisely what disqualifies him for the job." Two doctors said Thornhill was able to meet the requirements of the job despite the congenital deformity of his spine. Thus Thornhill may, as he claims, be both "handicapped" and "otherwise qualified" for the job, and thus within the protections of the Act. *Cf. Reynolds*, 815 F.2d at 573 ("A plaintiff need not prove that she is incapable of doing her job to prove that she is handicapped.")

## II

■ Thornhill failed to bring his complaint of discrimination to the attention of an EEO counselor within 30 days as required by 29 C.F.R. § 1613.709(b)(1) and § 1613.214(a)(1)(i).[3] Thornhill asserted he was excused from compliance with this administrative requirement,[4] because he was not notified, and was unaware, of its existence. He submitted his affidavit to that effect in opposition to summary judgment. After quoting from our statement in *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir.1985) that "[t]he time period for filing a complaint of discrimination begins to run when the facts that would support a

charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights," the district court held as follows:

Thornhill knew the reason he was terminated the day it occurred, April 2, 1985. If he was unaware of his rights initially, he should have been on notice of his potential discrimination claim as of the time he consulted with his attorney. This occurred no later than June 11, 1985. Thornhill did not meet with an EEO counselor until July 22, 1985, more than 30 days after he reasonably should have been aware of his rights. Thus, even if Thornhill were entitled to Rehabilitation Act protection, his claim is barred ...

*Boyd* did not involve an applicant who did not know of the time requirement for notifying the agency of his complaint. *Boyd*, 752 F.2d at 414 ("Boyd was not ... unaware of the appropriate administrative procedures.") By the express terms of 29 C.F.R. § 1613.214(a)(4), "[t]he agency *shall* extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them...." (emphasis added). We have recognized that strict compliance with the filing period may be excused "if the plaintiff had neither official notice nor actual knowledge of the filing period." *Cooper v. Bell*, 628 F.2d 1208, 1212 (9th Cir.1980); *see also Bragg v. Reed*, 592 F.2d 1136, 1139 (10th Cir.1979); *Ettinger v. Johnson*, 556 F.2d 692, 697–9 (3d Cir.1977).[5]

Whether Thornhill had such notice is a question of fact. The evidence was in conflict. The circumstance that Thornhill consulted an attorney may be relevant evi-

---

2. It is apparently conceded that Thornhill met all other qualifications for the job.

3. The regulatory procedures for filing a discrimination complaint under the Rehabilitation Act are governed by 29 C.F.R. § 1613 *et seq. See* 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1613.708.

4. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982); *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir.1985); *Ross v. United*

States Postal Service, 696 F.2d 720, 722 (9th Cir.1983).

5. *Cooper, Ettinger* and *Bragg* involve Title VII complaints governed by 5 C.F.R. § 700 *et seq.*, which later were redesignated as 29 C.F.R. 1613 *et seq. See* 43 Fed.Reg. 60,900–01, Dec. 29, 1978. These same regulations govern the administrative procedures for filing a complaint under the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1613.708.

dence, but it is hardly conclusive. *Cf. Ettinger*, 556 F.2d at 698 (it is not clear plaintiff should be denied waiver merely for consulting counsel before filing a complaint with the EEOC). Summary judgment was therefore improper.

The government asserts the agency was not required to advise Thornhill of the procedural requirements for filing a claim because it was not aware Thornhill claimed to be a handicapped person entitled to the protection of the Rehabilitation Act. It contends the dispute was simply whether Thornhill was qualified for the position for which he had been hired. As we have seen, the government's characterization of Thornhill's claim is inaccurate.

REVERSED AND REMANDED.