947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis C. BARSTEN, Plaintiff-Appellant,
v.
DEPARTMENT OF THE INTERIOR, Defendant-Appellee.
 No. 91-15017.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1991.*
Decided Oct. 25, 1991.
 
 Before SNEED, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis C. Barsten appeals pro se the district court's order granting summary judgment in favor of the Department of the Interior ("DOI") in his employment discrimination action under the Federal Rehabilitation Act of 1973 ("Act"), 29 U.S.C. § 701, et seq. Barsten contends that the district court erred by concluding that he had failed to exhaust his administrative remedies in a timely manner. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review a district court's grant of summary judgment de novo." Fuller v. Frank, 916 F.2d 558, 561 (9th Cir.1990). "The reviewing court shall view the evidence in the light most favorable to the non-moving party to determine whether the substantive law was applied correctly and whether there was any issue of material fact." Smith v. Barton, 914 F.2d 1330, 1333 (9th Cir.1990), cert. denied, 111 S.Ct. 2825 (1991).
 
 
 4
 The Act states that "[n]o otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap ... be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by an Executive agency...." 29 U.S.C. § 794. "[A] federal employee who alleges employment discrimination on the basis of a handicap must exhaust the administrative remedies available under Title VII...." Vinieratos v. United States Dept. of Air Force, 939 F.2d 762, 773 (9th Cir.1991) ( citing Boyd v. United States Postal Service, 752 F.2d 410, 413-414 (9th Cir.1985). A complaint of discrimination based on a handicap must be brought to the attention of an equal employment opportunity ("EEO") counselor within thirty days of the discriminatory action. See Thornhill v. Marsh, 866 F.2d 1182, 1184 (9th Cir.1989). The thirty day time period begins to run when it is apparent that discrimination occurred. Id. at 1184. "Where ... the complainant has only himself to blame for the absence of an administrative ruling on the merits of his claim, it is fair to conclude that he has failed to comply with the administrative exhaustion requirement. It is not the role of the federal judiciary to straighten out a mess that is the complainant's own doing." Vinieratos, 939 F.2d at 773.
 
 
 5
 The thirty day limitation is treated as a statute of limitations subject to equitable tolling principles. See Irwin v. Veterans Administration, 111 S.Ct. 453, 458 (1990); Miles v. Department of Army, 881 F.2d 777, 780 (9th Cir.1989) ( citing Boyd, 752 F.2d at 414). Equitable relief is allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 111 S.Ct. at 458 (footnotes omitted).
 
 
 6
 Here, Barsten did not raise his discrimination claim within the thirty day time limit. He appears to allege that he was not aware of the discrimination complaint procedure and that he did not know where to go to complain. Nevertheless, Barsten received the notice of termination shortly after suffering at least two heart attacks and becoming involved in a vehicle accident resulting in driving restrictions. Barsten asked his supervisor if he was being laid off because of his heart condition. In addition, during his final two weeks of employment, a supervisor told Barsten that he would be required to report to a different jobsite at six o'clock a.m. as a condition of employment. Barsten viewed this as a form of harassment. Barsten knew the EEO counselor, and information on filing a discrimination claim had been distributed during Barsten's new employee orientation. Thus, the factual record does not support Barsten's assertions. See Vinieratos, 939 F.2d at 773.[1]
 
 
 7
 Because Barsten failed to file his discrimination claim within the thirty day limit, and was not induced or tricked into allowing the filing deadline to pass, the district court properly granted summary judgment in favor of the Secretary. See Irwin, 111 S.Ct. at 458; Vinieratos, 939 F.2d at 773.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Barsten also argued, for the first time on appeal, that due to mental infirmity, he was unable to pursue his administrative rights in the prescribed time limit. "As a general rule, we will not consider an issue raised for the first time on appeal...." Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991) (citation omitted). As Barsten did not raise this issue in the district court we do not consider it now
 
 
 [2]
 Barsten filed a number of motions with this court, which we have examined and now deny. The motions include (1) a motion for dismissal of appellee's brief due to an alleged mistake in the caption and, (2) a motion that appellee's excerpts of record is an inclusion of unnecessary material