967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bryant M. LEWIS, Plaintiff-Appellant,
v.
L. William SEIDMAN, Chairman, Board of Directors, Federal
Deposit Insurance Corporation; William Taylor,
Chairman, Board of Directors, Federal
Deposit Insurance Corporation,
Defendants-Appellees.
 No. 91-15993.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bryant M. Lewis appeals pro se the district court's order granting summary judgment in favor of the Federal Deposit Insurance Corporation ("FDIC") in his employment discrimination action under the Federal Rehabilitation Act of 1973 ("Act"), 29 U.S.C. § 794. Lewis contends that the district court erred by finding that he failed to establish a prima facie case of disparate treatment based on a handicap. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Berrie & Co., No. 88-15334, slip op. 6055, 6060 (9th Cir. June 2, 1992).
 
 
 4
 "The Act provides: 'No otherwise qualified individual with handicaps ... shall, solely by reason of his handicap ... be subjected to discrimination....' " Thornhill v. Marsh, 866 F.2d 1182, 1183 (9th Cir.1989) (quoting 29 U.S.C. § 794); see also Reynolds v. Brock, 815 F.2d 571, 573-75 (9th Cir.1987) (genuine issue of material fact presented where supervisors were overtly hostile and set unrealistic production goals for an employee after she suffered epileptic seizures at work). "Thus, an individual must be both 'handicapped' and 'otherwise qualified' to be protected by the Act." Thornhill, 866 F.2d at 1183.[1] "A person is 'handicapped,' not only if he has a substantially limiting impairment, but also if he 'is regarded as having' such an impairment." Id. (citing 29 C.F.R. § 1613.702(a)(3)). The burden is on Lewis to establish the existence of an impairment that substantially limits a major life activity as an element of his prima facie case. See Jasany v. United States v. Postal Service, 755 F.2d 1244, 1249 (9th Cir.1985) (plaintiff failed to establish he was a "handicapped individual" within the meaning of the Act).[2]
 
 
 5
 While Lewis is not required to prove his prima facie case by a preponderance of the evidence on a motion for summary judgment, mere assertions of discriminatory motive and intent are inadequate. See Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of discrimination, with no concrete, relevant particulars, will not bar summary judgment").
 
 
 6
 Here, in support of its motion for summary judgment, the FDIC offered the declaration of Jeffery Toreson, the FDIC interviewer, to establish the following facts. In March 1987, Lewis interviewed for a position as a Bank Examiner Trainee with the FDIC. The position required extensive public relations skills. Toreson recommended that Lewis not be hired. Toreson based his recommendation mainly on the following factors: (1) Lewis failed to give an acceptable reason for being umemployed for the five years between his graduation from San Jose State with honors and the interview date; (2) his answers exhibited a lack of decisiveness and confidence; (3) he spoke in a low tone and his voice tended to trail off at the end of sentences; (4) he sat in a slouched manner and avoided eye contact; and (5) he appeared overly concerned about the travelling requirements of the position. Overall, Toreson concluded that Lewis lacked the motivation and initiative to successfully do the job.
 
 
 7
 Lewis contends that he was not hired because of an alleged speech impediment. He alleges that he suffers from "neurological impairments including partial complex seizures of epilepsy with overt periodic and overt triggered seizures" (ER at 27). Allegedly, this condition results in "speech arrest, temporary aphasia, other impairments, and related ictal sensations of visceral phenomena" (id. at 28). Nonetheless, Lewis failed to present any medical evidence in support of his claim because medical practices conflict with his religious beliefs.[3] He did not inform Toreson that he had this alleged condition, and Toreson declared that he had been unaware of any mental or physical handicap.
 
 
 8
 Thus, Lewis' failure-to-hire claim essentially rested on his own allegations of a speech impediment. He offered no evidence to establish that Toreson knew of this alleged handicap. Cf. Reynolds, 815 F.2d at 574. His conclusory allegations alone are insufficient to suggest that the actions taken by Toreson were based on anything other than Lewis' poor interview. See Forsberg, 840 F.2d at 1419. Therefore, the district court did not err by finding that Lewis failed to establish a prima facie case of handicap discrimination, see Jasany, 755 F.2d at 1250, and properly granted summary judgment, see Forsberg, 840 F.2d at 1419.[4]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 29 U.S.C. § 706(7)(B) provides in relevant part: "the term 'handicapped individual' means ... any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(7)(B)
 
 
 [2]
 The disparate treatment model for a prima facie case of discrimination articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), requires the plaintiff to show:
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 411 U.S. at 802 (footnote omitted). This court has held that the McDonnell Douglas test is neither exclusive nor rigid, see Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1459-61 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986), and that the first two requirements must be modified in handicap discrimination cases as follows:
 (i) [t]he plaintiff must establish a prima facie case by showing that he was an otherwise qualified handicapped person apart from his handicap, and was rejected under circumstances which gave rise to the inference that his rejection was based solely on his handicap; (ii) [o]nce plaintiff establishes his prima facie case, defendants have the burden of going forward and proving that plaintiff was not an otherwise qualified handicapped person that is one who is able to meet all of the program's requirements in spite of his handicap, or that his rejection from the program was for reasons other than his handicap....
 Jasany, 755 F.2d at 1249-50 n. 5 (quoting Pushkin v. Regents of University of Colorado, 658 F.2d 1372, 1386-87 (10th Cir.1981)).
 
 
 [3]
 In Lewis' declaration in opposition to FDIC's motion for summary judgment, he stated "I sought additional medical advice and information about further recommended technological examinations and available evidences, but the providers demanded faith and absolute written permission in their examinations, treatments, and practices which were competitive with my religious faith, my religious beliefs, and religious practices" (ER at 31)
 
 
 [4]
 Lewis also appears to contend that the district court erred by: (1) deciding the summary judgment motion without providing oral argument; (2) failing to serve his complaint or summons on FDIC; and (3) preventing him from pursuing his administrative remedies. See Appellant's Opening Brief at 9-13. These contentions lack merit and do not warrant discussion