Ricky R. RICHARDSON,
Plaintiff–Appellant,

v.

Anthony M. FRANK, in his official capacity as Postmaster General, United States Postal Service, Defendant–Appellee.

No. 90–8103.

United States Court of Appeals,
Tenth Circuit.

Oct. 23, 1991.

Reissued as Published Opinion
Sept. 16, 1992.

Daniel E. White of Vines, Gusea, and White, P.C., Cheyenne, Wyo., for plaintiff-appellant.

Richard A. Stacy, U.S. Atty. and Gay Vanderpoel Woodhouse, Asst. U.S. Atty., Cheyenne, Wyo., and Jesse L. Butler, Asst. General Counsel, Andrew C. Friedman and David G. Karro, Attys., Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendant-appellee.

Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,** District Judge.

## McKAY, Chief Judge.

Plaintiff Ricky Richardson appeals the district court's grant of summary judgment to the Defendant United States Postal Service on Plaintiff's sex discrimination suit pursuant to Title VII, 42 U.S.C. § 2000e–16.[1] Defendant argued in his summary judgment motion that Plaintiff's failure to bring his complaint to the attention of the United States Postal Service Equal Employment Opportunity office (EEO office), in compliance with 29 C.F.R. § 1613.-214(a)(1)(i), serves to bar his sex discrimination suit.[2]

Plaintiff and his wife were both hired by the Rock Springs, Wyoming, post office on July 21, 1986, on a three-month probationary basis. Plaintiff alleges that prior to beginning his employment in Rock Springs, he was told he could be terminated without cause during the probationary period and, in the event of termination, he would have no right of appeal. A publication given to Plaintiff also stated that termination during the probationary period could be at will with no recourse. Appendix to Brief of Appellant at 63. Plaintiff further alleges that there were no notices of EEOC rights or procedures posted in the Rock Springs post office.

Following an unfavorable performance evaluation, Plaintiff's employment was terminated on October 15, 1986. He claims he was terminated because his female supervisor did not like husband and wife teams working together, did not like male employees, and because Plaintiff rebuffed her sexual advances.

Plaintiff contends that he continued in the belief that he had no right of appeal until sometime in November 1986, when he "heard" that he "may" have some appeal rights. He alleges that he contacted several attorneys regarding his termination, but was not informed that there were any time limits on the appeal procedure. Plaintiff maintains that the first time he was informed of the thirty-day time limit was on January 23, 1987, when he drove to Denver and contacted the EEO office by telephone. During the course of this telephone conversation, he alleges he was informed that he

---

** Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. 29 C.F.R. § 1613.214(a)(1)(i) states in pertinent part:
   (a) Time limits. (1) An agency shall require that a complaint be submitted in writing by the complainant or representative and be signed by the complainant.... The agency may accept the complaint for processing in accordance with this subpart only if:
   (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action; ...

was late in reporting his complaint, but that under certain circumstances late notices were accepted. He was further informed that he should seek the advice of an attorney. Plaintiff also asserts that the party he spoke with led him to believe that, because he was already late, there was no time limit on his late filing.

Plaintiff alleges that he continued to seek counsel. Once he had retained an attorney, his attorney made several contacts with the EEO office, finally reaching the counselor ultimately assigned to the case. After being instructed to do so by his attorney, Plaintiff contacted the EEO counselor on April 7, 1987.

In approximately January 1988, the EEO counselor contacted Plaintiff regarding a settlement offer which he declined to accept. Plaintiff asserts that the counselor stated that the offer was being made because there were "irregularities" in his case. Plaintiff then claims he had no contact from the EEO office until February 1989, over one year later, when he received notice of his right to file a formal complaint. Plaintiff filed his complaint on March 2, 1989. The EEO office finally denied his complaint on December 26, 1989, based on the untimeliness of Plaintiff's initial agency contact. Plaintiff's appeal of this decision to the EEOC was ultimately denied on May 10, 1990.

■ We review the district court's decision to grant summary judgment de novo. *Missouri Pac. R.R. v. Kansas Gas & Elec. Co.*, 862 F.2d 796, 798 (10th Cir.1988). All facts and reasonable inferences must be construed in a light most favorable to the nonmoving party. *Anderson v. Department of Health & Human Servs.*, 907 F.2d 936, 946–47 (10th Cir.1990) (citing *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir.1988)). Summary judgment is appropriate when the record indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). We conclude that the district court erred in finding that, as a matter of law, Plaintiff failed to allege facts that, if proved, could support an equitable tolling

of the applicable time limitations. Consequently, we reverse the district court's grant of summary judgment and remand for trial.

■ In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *See also Carlile v. South Routt Sch. Dist.*, 652 F.2d 981, 985 (10th Cir.1981) ("[F]iling of a notice of intent to sue within defined time limitations is not jurisdictional in the traditional sense."). It is more likened to a statute of limitations subject to waiver, estoppel, and equitable tolling. *Zipes*, 455 U.S. at 393, 102 S.Ct. at 1132. It is undisputed that Plaintiff failed to comply with the thirty-day time limit set forth in the EEOC regulations. Consequently, the question before this court is whether disputed issues of fact exist which would affect a determination of whether Plaintiff's circumstances warrant application of the doctrines of equitable estoppel and tolling.

■ Plaintiff alleges that he was misinformed by his employer regarding his appeal rights in the event he was terminated during his probationary period, and that he had no way of knowing the procedures required for initiating an investigation of his complaint. The district court found Plaintiff's delay from the time of his termination in October 1986, until his initial EEO office contact in January 1987, to be justified and we agree. District Court's Order of September 7, 1990, at 5. *See Brezovski v. United States Postal Serv.*, 905 F.2d 334, 337 (10th Cir.1990) (misleading language in a right to sue letter sufficient to trigger equitable tolling); *Donovan v. Hahner, Foreman & Harness, Inc.*, 736 F.2d 1421, 1427 (10th Cir.1984) ("[W]hen an employer misleads an employee regarding a cause of action, equitable estoppel may be invoked."); *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982) (equitable tolling may be appropriate if an employer actively misleads a plaintiff).

The question thus narrows to whether Plaintiff was misled by his January 1987 conversation with the EEO counselor into believing that time was not critical, and to whether Plaintiff's actions following the January 1987 telephone conversation up until he finally contacted the EEO counselor on April 7, 1987, constitute due diligence. *See Martinez v. Orr*, 738 F.2d 1107, 1112 (10th Cir.1984).

The court bases its grant of summary judgment on Plaintiff's failure to "file" immediately after learning of the thirty-day limit. We agree with Plaintiff that, read literally, the applicable regulation does not require a complainant to "file" a written complaint with the EEO office within the thirty days, but only to bring the matter "to the attention" of an EEO counselor within the time limitation. 29 C.F.R. § 1613.214(a)(1)(i). Whether or not Plaintiff's telephone conversation of January 23, 1987, was notification of the kind intended to satisfy this requirement must be determined by the district court.

A review of the record indicates that "[t]his case does not involve an unreasonable or unnecessary delay. Nor does it constitute an attempt to revive a long stale claim or otherwise circumvent the statutory period at issue." *Martinez*, 738 F.2d at 1112. The pertinent EEOC regulation states:

> [t]he agency shall extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4). "Title VII is remedial legislation to be construed liberally rather than technically." *Peterson v. City of Wichita*, 888 F.2d 1307, 1309 (10th Cir.1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1990). ▆ EEO complaints are often, as in this case, presented initially by persons without the benefit of counsel or the information to be technically knowledgable.

The correct inquiry then becomes whether the purpose of the time limit has been met and whether the agency was put on adequate notice. The procedural requirements of Title VII should not be allowed to become so formidable and inflexible as to preclude the aggrieved employee from receiving relief from employment discrimination. *See Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260 (10th Cir.1976) (ADEA time limitations should not be strictly construed against aggrieved employees attempting to enforce their statutory rights), *aff'd*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

The EEO office held Plaintiff's complaint in various stages of processing for almost three years before Plaintiff received final agency resolution. The exhaustion doctrine's purpose of giving the agency notice and allowing them ample opportunity to handle the matter outside the courts has been served in this case. Although it has been held that an agency investigation alone does not constitute an agency waiver of the timeliness issue, *Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir.1981), it appears that the EEO office was not diligent in investigating and processing Plaintiff's complaint in compliance with its own regulations. *See* 29 C.F.R. §§ 1613.213(a) and 1613.220(a). However, because of our decision in this case, we do not reach Plaintiff's claim that this agency delay constitutes a constructive waiver of the timeliness requirement.

Plaintiff's knowledge of the time limits, whether or not his telephone call of January 1987 satisfied the requirement that the matter be brought "to the attention" of an EEO counselor, or whether he was misled by the agency as to the time limits are fact issues which are not proper for summary judgment disposition. *See Bragg v. Reed*, 592 F.2d 1136, 1139 (10th Cir.1979) (allegations that complainant did not know of requisite time limits for notifying agency of discrimination raises issues of fact requiring evidentiary hearing); *Thornhill v. Marsh*, 866 F.2d 1182, 1184–85 (9th Cir. 1989) (whether complainant had notice of time limits is factual question which precludes summary judgment).

We make no determination on the merits of Plaintiff's discrimination claim or on whether Plaintiff will be able to prove at trial that he was misled and lulled into inaction despite his due diligence. It is our determination that the question of whether or not Plaintiff's circumstances warrant equitable estoppel and tolling is a factual determination which prevents a grant of summary judgment.

The judgment of the United States District Court for the District of Wyoming is REVERSED and REMANDED for proceedings in accordance with this opinion.