125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Celine ANTONY, Plaintiff-Appellant,
v.
DEPARTMENT OF VETERANS AFFAIRS, Defendant-Appellee.
 No. 96-15632.
 United States Court of Appeals, Ninth Circuit.
 Sept. 24, 1997.
Submitted Sept. 22, 1997.*
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-03089-SI; Susan Yvonne Illston, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Celine Antony appeals pro se the district court's summary judgment in favor of the Department of Veterans Affairs in Antony's action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id.
 
 
 4
 Antony contends that the district court erred by dismissing her Title VII claim as untimely. This contention lacks merit.
 
 
 5
 A federal employee must raise a discrimination claim with an Equal Employment Opportunity ("EEO") counselor within thirty days of an adverse employment action. See Johnson v. United States Treasury Dep't, 27 F.3d 415, 416 (9th Cir.1994) (per curiam).[1] "The thirty-day time limit is treated as a statute of limitations for filing suit and is subject to waiver, equitable tolling, and estoppel." Miles v. Department of the Army, 881 F.2d 777, 780 (9th Cir.1989). Strict compliance with the filing period may be excused only if the plaintiff had neither official nor actual notice of the filing period. See Thornhill v. Marsh, 866 F.2d 1182, 1184 (9th Cir.1989) (per curiam).
 
 
 6
 Here, Antony resigned on October 31, 1990. On May 11, 1992, she sought EEO counseling for alleged discrimination which took place in April 1990. Although Antony argues that she did not have actual notice of the EEO procedures, it is undisputed that the Department of Veterans Affairs posted EEO information on bulletin boards during the relevant period and provided Antony with EEO information at her initial employment orientation. Because she had official notice, Antony was required to comply with the thirty-day filing period. See Thornhill, 866 F.2d at 1184.
 
 
 7
 Accordingly, the district court did not err by granting summary judgment for the Department of Veterans Affairs. See Bagdadi, 84 F.3d at 1197.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Antony's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The applicable regulation, 29 C.F.R. § 1613.214(a)(1)(i), was renumbered as 29 C.F.R. § 1614.105(a)(1) on October 1, 1992, and now requires an employee to raise a claim with an EEO counselor within 45 days of an adverse employment action. Because the alleged discrimination occurred before October 1, 1992, the applicable time period is 30 days
 
 
 [2]
 We do not address Antony's claim under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, because she failed to address it in her opening brief. See Miller v. Fairchild Indus., 797 F.2d 727, 738 (9th Cir.1986). To the extent Antony alleges a discrimination claim based upon her nonselection for a position in 1992, we do not have jurisdiction to consider that claim because she has yet to exhaust her administrative remedies. See Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir.1985)