**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEBORAH SHOWALTER,

Plaintiff-Appellant,

v.

ALLEN WEINSTEIN,* Archivist of
the United States, National Archives
and Records Administration,

Defendant-Appellee.

No. 05-1247
(D.C. No. 03-CV-1704-LTB/OES)
(D. Colo.)

---

**ORDER AND JUDGMENT**\*\*

---

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

Deborah Showalter sued her former employer, John W. Carlin, Archivist of

the United States, National Archives and Records Administration (NARA), under

Title VII of the Civil Rights Act and under the Rehabilitation Act, alleging

---

\*      Pursuant to Fed. R. App. P. 43(c)(2), Allen Weinstein is substituted for
John W. Carlin as appellee in this action.

\*\*      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1) race and/or sex discrimination, (2) disability discrimination, (3) retaliation, and (4) what she calls "'Protected Class Plus' Discrimination," Aplt. App., Vol. I at 17. The district court granted NARA's Fed. R. Civ. P. 12(b)(1) motion to dismiss claims one, two, four, and that portion of claim three that did not pertain to retaliatory termination, concluding that it lacked subject matter jurisdiction over the claims because Ms. Showalter failed to exhaust her administrative remedies. Ms. Showalter's retaliatory termination claim proceeded to trial. A jury returned a verdict in NARA's favor. On appeal, Ms. Showalter contends the district court erroneously concluded that she failed to exhaust her administrative remedies and abandoned part of her retaliation claim, and that it erroneously prohibited her from using certain evidence of retaliatory conduct at trial. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

**BACKGROUND**

The exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action in federal court under both the Rehabilitation Act and Title VII. *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997) (Rehabilitation Act); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) (noting that "a failure to *timely* file an administrative charge . . . is not jurisdictional, [but that] a failure to file an administrative charge at all . . . is a jurisdictional bar"). Federal employees alleging discrimination or

retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies. *See generally* 29 C.F.R. pt. 1614.[1] With this backdrop, we turn to an abbreviated recitation of the facts.

Ms. Showalter was employed as a GS-11 Team Lead for NARA's Accession and Disposition (A&D) Branch from October 2001 until May 2002, when NARA terminated her employment. During this time period she was a probationary employee under 5 C.F.R. § 315.801. *See id.* § 315.803 (instructing agency to terminate a probationary employee who fails to demonstrate her qualifications during the probationary period).

---

[1] The applicable regulations, as relevant to this appeal, require an aggrieved employee to consult an EEO counselor before filing a formal complaint "in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). The aggrieved employee must initiate this consultation "within 45 days" of the alleged discriminatory action or "within 45 days of the effective date of [a personnel] action." *Id.* § 1614.105(a)(1). During the initial counseling session, counselors must, among other things, advise an aggrieved employee "that only the claims raised in pre[-]complaint counseling (or issues or claims like or related to issues or claims raised in pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency." *Id.* § 1614.105(b)(1).

If the matter is not resolved informally, the counselor must inform the aggrieved employee, in the Notice of Final Interview, that she may file a formal complaint against the agency that allegedly discriminated against her, but that she must do so "within 15 days of" receiving the Notice. *Id.* § 1614.105(d); *see also id.* § 1614.106 (a) and (b). The aggrieved employee "may amend [her] complaint at any time prior to the conclusion of the investigation," but only to "include issues or claims like or related to those raised in the [formal] complaint." *Id.* § 1614.106(d).

From March 4 though March 6, 2002, Ms. Showalter, her supervisor, and another employee participated in an internal office mediation with a professional facilitator. Ms. Showalter alleges that tensions among the three increased after the mediation. Indeed, on May 3, she e-mailed an EEO counselor "concerning the situation" at work, Aplt. App., Vol. I at 116, and on May 9, she had an initial telephone interview with the counselor. On May 15, NARA issued a letter to Ms. Showalter advising her that it was terminating her employment on May 29, 2002, for unsatisfactory performance during her probationary period. On May 20, she spoke with the counselor again, relaying NARA's decision to terminate her and her belief that she was being fired as a result of her contact with the EEO counselor.

On June 4, the counselor issued a Notice of Final Interview/Right to File a Formal Complaint of Discrimination, stating that Ms. Showalter alleged she was discriminated against based on "Reprisal." *Id.*, Vol. I at 71. In a counseling report issued shortly thereafter, the counselor stated: "Ms. Showalter is filing this complaint under the bases [sic] of Reprisal." *Id.*, Vol. I at 66.

On June 24, Ms. Showalter filed a timely formal EEO complaint. On the face of the complaint she checked the box next to "Reprisal" but did not check any of the other seven boxes (race, color, religion, sex, national origin, age, or disability). *Id.*, Vol. I at 74. She also identified one day of discrimination: May 15, 2002, the day she received NARA's termination letter. Ms. Showalter

-4-

attached to her complaint a letter and a lengthy statement, explaining that her formal complaint of discrimination was based on "reprisal for participation in protected EEO activity." *Id.*, Vol. I at 75.

On July 12, Ms. Showalter submitted a one-sentence letter to NARA's EEO office stating: "I would like to amend my complaint . . . to include as additional bases of discrimination my disability (Crohn's disease); my gender (female); [and] my race (white, Caucasian)." *Id.*, Vol. I at 124. On November 5, the EEO counselor spoke to Ms. Showalter concerning her July 12 letter. On November 12, NARA received another letter from Ms. Showalter, a three-page addendum in reference to her July 12 request to amend her formal complaint, in which she suggested that she had presented claims of disability, sex, and race discrimination from the outset of the administrative process. On November 20, the EEO counselor issued an amended counseling report, stating:

> On Tuesday, November 5, 2002, I spoke with the complainant in regards to her amended complaint [(letter of July 12)]. For the record, it should be noted [that,] to the best of my recollection[,] the issues Ms. Showalter is alleging took place were *not discussed* during the initial counseling period.

*Id.*, Vol. I at 126.

On January 3, 2003, NARA sent Ms. Showalter's counsel an acceptance letter indicating it had identified and accepted two issues for investigation: (1) whether Ms. Showalter was subjected to a hostile work environment based on her disability, sex, and/or race, and (2) whether she was terminated based on

reprisal for contacting an EEO counselor on May 3, 2002. The agency dismissed for failure to state a claim Ms. Showalter's hostile work environment claim based on reprisal and her constructive discharge claim. The acceptance letter ended: "If the issues and bases identified for acceptance are not stated correctly, please advise this office **within seven (7) calendar days** after you receive this letter." *Id.*, Vol. I at 135. Ms. Showalter did not object to or otherwise respond to NARA's acceptance letter.

Ms. Showalter subsequently sought a hearing before an Administrative Law Judge. But before a hearing was held or a final decision issued, she filed this case in federal court. In granting NARA's Rule 12(b)(1) motion as to claims one, two, four, and that portion of claim three that did not pertain to retaliatory termination, the district court held that Ms. Showalter's formal EEO complaint asserted only one claim—reprisal, and that the lengthy statement accompanying her formal complaint was simply an explanation of the details leading up to her termination. The court noted that the EEO counselor characterized Ms. Showalter's July 12 attempted amendment "as a claim for hostile work environment," *id.*, Vol. II at 281, and held that it did not relate back to her original formal complaint because her race, gender, and disability discrimination

claims were not like or related to her original reprisal claim. The court

elaborated, stating that even if it were to read her July 12 attempted amendment

> as asserting a new wrongful-termination claim based on race, sex,
> and disability discrimination, rather than a hostile work environment,
> such amendment would not relate back. When an amendment
> advances a new theory of recovery, the amendment is not "like or
> related to" the original claim, regardless [of] whether it is based on
> incidents described in the original claim.

*Id.*, Vol. II at 281-82 (citing *Simms v. Okla. ex rel. Dep't of Mental Health &*

*Substance Abuse Servs.*, 165 F.3d 1321, 1325 (10th Cir. 1999)).

The court also rejected Ms. Showalter's suggestion that her July 12

attempted amendment was a new initial counseling contact, noting the

inconsistency between this suggestion and the fact that she had "repeatedly

asserted that she discussed all her claims with the EEO counselor during the

initial counseling period." Aplt. App., Vol. II at 282. "[E]ven if she had not

discussed all her claims before" filing her formal complaint on June 24, stated the

court, "she would have [had] to participate in EEO counseling on the new claims

before asserting them in a second EEO complaint." *Id.* Thus, reasoned the court,

even if Ms. Showalter's July 12 attempted amendment was really a new initial

contact, she would have had to file a second complaint after counseling—which

she did not do—despite being represented by counsel at the time the EEO

counselor advised her in the second (November 5, 2002) Notice of Final Interview

that she had a "right to file a new complaint within 15 days." *Id.*, Vol. II at 283.

The court next held that Ms. Showalter's failure to object to NARA's acceptance letter effectively abandoned any other issues she might wish to raise, opining that she had "failed to exhaust her administrative remedies with respect to those abandoned claims." *Id.*

Finally, the court rejected Ms. Showalter's argument that NARA was barred from raising a failure-to-exhaust defense because it had accepted and investigated Ms. Showalter's claims for hostile work environment based on sex, race, and disability. As to these claims the court held:

> Plaintiff completely failed to exhaust her remedies because her July 12, 2002 amendment did not relate back and cannot be considered a new complaint. Therefore, her failure to exhaust is a jurisdictional defect that cannot be waived. *Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996); *Simms*, 165 F.3d at 1327.

*Id.*, Vol. II at 284.

After a trial on Ms. Showalter's retaliatory termination claim, the jury concluded that NARA "did not terminate Plaintiff in retaliation for her May 3, 2002 EEO complaint." *Id.*, Vol. II at 444. The district court subsequently entered final judgment on the jury verdict and, at the same time, finalized the dismissal of claims one, two, four, and that portion of claim three that did not pertain to retaliatory termination. This timely appeal followed.[2]

---

[2] Ms. Showalter has waived any challenge to the district court's dismissal of her so-called "protected class plus" claim by failing to address it in her opening appellate brief. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

**DISCUSSION**

**I. Exhaustion of Administrative Remedies**

Ms. Showalter first asserts that the district court erroneously concluded that she did not exhaust her administrative remedies for claims one, two, four, and that portion of claim three that did not pertain to retaliatory termination. In particular, she alleges: (A) "the proper inquiry in exhaustion cases is whether the agency received adequate notice of the claims," Aplt. Opening Br. at 8, and (B) the processing of a private-sector complaint is so different from the processing of a federal-sector complaint that it was erroneous for the district court to rely on private-sector case law in a federal-sector case, *see id.* at 20-25.

"We review de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and review [any] findings of jurisdictional facts . . . for clear error." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). As previously mentioned, the exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action in federal court under both the Rehabilitation Act and Title VII. *Woodman*, 132 F.3d at 1341; *Jones*, 91 F.3d at 1399. And, it is "the plaintiff's burden . . . to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Southway v. Cent. Bank of Nig.*, 328 F.3d 1267, 1274 (10th Cir. 2003).

**A.     Notice**

Ms. Showalter asserts that she exhausted each of her claims because NARA "had timely notice of each of [her] claims." Aplt. Opening Br. at 6. In support of her "notice" argument, Ms. Showalter relies on dicta from *Richardson v. Frank*, 975 F.2d 1433 (10th Cir. 1991), a federal-sector Title VII case with readily distinguishable facts.[3] Specifically, Ms. Showalter asserts that "'Title VII is remedial legislation to be construed liberally rather than technically.'" Aplt. Opening Br. at 8 (quoting *Richardson*, 975 F.2d at 1436). She continues, "'The procedural requirements of Title VII should not be allowed to become so formidable and inflexible as to preclude the aggrieved employee from receiving relief from employment discrimination.'" *Id.* (quoting *Richardson*, 975 F.2d at 1436). What Ms. Showalter overlooks is the context in which this court made the foregoing statements—they were made while the court considered the then-applicable thirty-day time limit within which an aggrieved employee was required to bring his or her claim "'to the attention' of an EEO counselor," *Richardson*, 975 F.2d at 1436 (quoting 29 C.F.R. § 1613.214(a)(1)(i)). Specifically, the court in *Richardson* observed that plaintiff's untimely filing was

---

[3]     *Richardson* involved an aggrieved employee's *untimely* contact with an EEO counselor that may have been the result of misinformation provided by his employer, 975 F.2d at 1435, whereas the instant case concerns an aggrieved employee's complete failure—with regard to claims one, two, four, and that portion of claim three that did not pertain to retaliatory discharge—to file an administrative charge at all.

-10-

not a jurisdictional bar, acknowledged that his circumstances may warrant equitable tolling of the applicable time limitations, and rejected the district court's construction of "bring to the attention of" to mean "file." 975 F.2d at 1435-36. The court then made the statements upon which Ms. Showalter relies and held that whether plaintiff's circumstances warranted equitable tolling was a factual determination that prevented the grant of summary judgment. *Id.* at 1436-37. Accordingly, the court reversed and remanded. *Id.* at 1437. Read in context, then, that portion of *Richardson* relied upon by Ms. Showalter does not support a holding that she exhausted claims one, two, four, and that portion of claim three that did not pertain to retaliatory discharge because her former employer had timely notice of each of those claims. To accept Ms. Showalter's position, that notice is all it takes to satisfy the requirements of exhaustion, would be tantamount to ignoring the applicable regulatory framework.

**B.     Private-Sector Employees Versus Federal-Sector Employees**

Ms. Showalter next argues that the district court erroneously relied on *Gunnell v. Utah Valley State College*, a private-sector Title VII and FMLA case, for its statement that checking only one box on an administrative complaint creates a presumption that a plaintiff "was not asserting claims represented by boxes not checked." 152 F.3d 1253, 1260 (10th Cir. 1998). She asserts that the district court's reliance on *Gunnell* was misplaced because "[t]he requirements for federal sector complaint processing are very different from the minimal

requirements in the private sector." Aplt. Opening Br. at 20. Ms. Showalter does not, however, point to any authority to support her position that *Gunnell* is inapposite. In fact, this court has observed in dicta that "the requirements placed on federal and private sector employees are in essence quite similar." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1311 (10th Cir. 2005).

Ms. Showalter also takes issue with the district court's reliance on a private-sector Title VII case, *Simms*, 165 F.3d 1321, to hold that her July 12 attempted amendment did not relate back to her original complaint. In her view, *Simms's* interpretation of 29 C.F.R. § 1601.12(b), the private-sector regulation concerning amendments to administrative complaints, *Simms*, 165 F.3d at 1326-27, is inapplicable in interpreting 29 C.F.R. § 1614.106(d), the analogous federal-sector regulation concerning amendments to administrative complaints, *see* Aplt. Opening Br. at 25-26. But Ms. Showalter does not point to any authority in her opening appellate brief to support her position. Instead, she cites two cases, *Conkle v. Potter*, 352 F.3d 1333, 1335-36 (10th Cir. 2003), and *Jones v. Runyon*, 32 F.3d 1454, 1457 (10th Cir. 1994), and states the obvious: that federal-sector employees are subject to different regulations than private-sector employees, Aplt. Opening Br. at 25. But this statement is not enough to make her point. In her reply brief Ms. Showalter briefly develops her position, asserting that the court in *Conkle* "identified 29 C.F.R. § 1614 . . . , and then noted that the application of case law analyzing a private sector employee's claim is

inappropriate when considering the processing requirements for a federal employee." Aplt. Reply Br. at 6. *Conkle* did say as much, 352 F.3d at 1336, but in the unique context of the effect that a timely-filed request for EEOC reconsideration has upon a plaintiff's time limit for filing a federal action—an area where the law treats federal-sector employees differently than private-sector employees. *Compare id.* (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 246 (3d Cir. 1999), for its holding "that a federal employee's timely filed request for reconsideration tolls the 90-day deadline for filing suit in federal court") *with McCray v. Corry Mfg. Co.*, 61 F.3d 224, 229 (3d Cir. 1995) (holding that a private-sector employee's request for reconsideration does not toll the 90-day deadline). Ultimately then, Ms. Showalter offers no compelling reason why the district court should not have applied *Simms*, and we see none.

## II.   Retaliation Claim

Ms. Showalter next asserts that the district court erroneously concluded that she had abandoned parts of her retaliation claim. Specifically, as far as we can discern, she challenges the district court's: (A) conclusion, in its order granting NARA's Rule 12(b)(1) motion, that she had abandoned the hostile-work-environment part of her retaliation claim, and (B) evidentiary ruling, at trial, "prohibiting the jury from considering evidence of the parties' conduct prior to May 3, 2002," Aplt. Opening Br. at 31, evidence that would have supported her retaliatory termination claim at trial, *see id.*

As previously mentioned, we review de novo the district court's Rule 12(b)(1) dismissal for lack of subject matter jurisdiction. *Maestas*, 351 F.3d at 1013. "We are generally reluctant to overturn evidentiary rulings of the trial court. We review such rulings only to determine if the trial court abused its discretion in limiting the scope of the evidence presented." *Messina v. Kroblin Transp. Sys., Inc.*, 903 F.2d 1306, 1310 (10th Cir. 1990).

## A.    Abandonment Issue Waived

NARA's January 3 acceptance letter dismissed for failure to state a claim Ms. Showalter's hostile work environment claim based on reprisal because, at the time she alleged she was subjected to a hostile work environment, she had not engaged in any prior EEO activity. Aplt. App., Vol. I at 134-35 (citing 29 C.F.R. § 1614.107(a)(1)). Ms. Showalter did not object to this dismissal. *See id.*, Vol. I at 137.

In its Rule 12(b)(1) motion, NARA contended that Ms. Showalter had failed to object to the agency's definition of the issues, thereby abandoning all issues other than those that the agency accepted for investigation. *Id.*, Vol. I at 38. The district court, noting that Ms. Showalter *failed to respond to NARA's argument*, agreed with NARA and held that she "ha[d] failed to exhaust her administrative remedies with respect to those abandoned claims." *Id.*, Vol. II at 283.

On appeal, Ms. Showalter complains that the acceptance letter only instructed her to object if she disagreed with the issues and bases identified for *acceptance*, arguing that the letter was "absolutely silent about what would happen to the dismissed . . . issues." Aplt. Opening Br. at 32. But Ms. Showalter waived this issue by failing to raise it before the district court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). And, in any event, the record shows that Ms. Showalter was notified (before receiving the acceptance letter) that if part of her complaint was dismissed, the dismissal would be considered a final decision on that portion of the complaint dismissed, and that she would be notified of any dismissal in writing and advised of her right to appeal. Aplt. App., Vol. I at 123.

## B.    Evidentiary Ruling

Lastly, Ms. Showalter contends that even if the district court properly dismissed her hostile work environment claim based on reprisal, it erred by "prohibit[ing]" her "from using evidence of retaliatory conduct and her complaints prior to May 3, 2002 to support her retaliatory termination claim." Aplt. Opening Br. at 33. The transcript of the court's ruling on the scope of the trial evidence, however, belies Ms. Showalter's argument. Ms. Showalter's counsel urged the court to recognize that "performance sessions and all the . . . activity" prior to May 3 was admissible evidence. Aplt. App., Vol. II at 479: 8-9. The court responded, in part, "I agree with you, . . . but I think the

evidence, if it comes in, must be subject to a limiting instruction." *Id.* at 479:

10-12. In fact, the record evidence shows that Ms. Showalter's complaints prior

to May 3, 2002, were admitted (albeit subject to a limiting instruction[4]), and we

therefore see no reversible error on this point.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[4]    The limiting instruction provided:

### JURY INSTRUCTION NO. 8

You have heard evidence that Plaintiff made complaints of
discrimination between October 2001 and April 2002, participated in
a "facilitation" organized by Defendant in March 2002, and warned
her managers in April that she might file an EEO complaint in the
future. The Court has determined that these activities do not
constitute protected activity. That evidence was admitted for the
limited purpose to show why Plaintiff contacted the EEO on
May 3, 2002 and you may not consider it for any other purpose. You
are instructed that it is only Plaintiff's May 3, 2002 EEO contact that
serves as a basis for Plaintiff's retaliation claim.

Aplt. App., Vol. II at 432.