**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPH VIDACAK, SR.,

        Plaintiff-Appellant,

v.

JACK POTTER, as Postmaster
General of the United States Postal
Service,

        Defendant-Appellee.

No. 02-7158
(D.C. No. 02-CV-120-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TYMKOVICH** , **HOLLOWAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's entry of summary judgment in favor of defendant, the Postmaster General of the United States Postal Service (USPS), on plaintiff's disability discrimination claims. Because plaintiff has not shown that he was an individual with a disability when the events challenged in this appeal occurred, we affirm.

Plaintiff worked for the USPS from sometime in 1983 until December 1998. In the fall of 1997, plaintiff was diagnosed with inflammatory arthritis, which caused him to miss work for an extended period of time. When he returned, he continued to work full time from 5:00 a.m. to 1:30 p.m. as a timekeeper.

In May 1998, the USPS abolished plaintiff's timekeeper position and allocated the duties to other employees, reassigning plaintiff to a night shift position—boxing and casing mail from 2:00 a.m. until 10:30 a.m. Because he had difficulty sleeping during the day, plaintiff's arthritis flared up during the two night shifts he attempted to complete. On May 27, 1998, plaintiff provided a note from his doctor stating that he should not work before 5:00 a.m. and that he should have two consecutive days off. The USPS changed plaintiff's hours to 5:00 a.m. until 10:30 a.m., which did not permit him to work a full day. Plaintiff was required to make up the remaining hours through use of his sick leave and annual leave.

In June 1998, plaintiff filed an administrative appeal with the Merit Systems Protection Board. Plaintiff challenged his May 1998 reassignment as both a placement on enforced leave and a constructive suspension, alleging that his reassignment constituted discrimination on the basis of a disability. The Board dismissed his appeal in March 1999 for lack of jurisdiction. *See* Supp. App. at 5-15.

Plaintiff also brought a union grievance in June 1998, claiming that the elimination of his timekeeper position violated the collective bargaining agreement between USPS and postal workers. The labor arbitrator who eventually received the grievance ruled that the timekeeper position should not have been abolished and awarded plaintiff back pay for the hours he would have worked at the timekeeper position until his date of retirement in 1999. *See* Aplt's App. at 106-07.

In September 1998, the USPS reassigned plaintiff to a position requiring him to operate a sorting machine from midnight until 8:30 a.m. Because of his medical restrictions, plaintiff worked only from 5:00 a.m. to 8:30 a.m. and made up the remaining hours by using his leave. In December 1998, on the advice of his physician and psychiatrist, plaintiff ceased work. He applied for and received a disability retirement in February 1999.

In October 1999, plaintiff filed an Equal Employment Opportunity complaint, alleging that the USPS's failure to accommodate him in June 1998 constituted discrimination on the basis of his disability. *See* Supp. App. at 16-18. Plaintiff's EEOC complaint did not raise a retaliation claim. *Id.* In January 2000, the EEOC issued plaintiff a right to sue letter. In March 2002, plaintiff brought this employment discrimination and retaliation action against the USPS pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through § 2000e-17, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 and § 794a. He also sought damages for violation of his civil rights under 42 U.S.C. § 1981 and § 1983. In November 2002, the district court granted summary judgment in favor of defendant on all claims. The court found (1) that plaintiff was not disabled at the time of his reassignment because he was not substantially limited in his ability to work and (2) that plaintiff's retaliation claim failed because his previous grievance rested on a violation of the collective bargaining agreement rather than disability discrimination.

On appeal, plaintiff argues only that the evidence raises a factual dispute regarding whether he had a disability entitling him to accommodation by the USPS. We review the grant of summary judgment *de novo*, applying the same standard as that used by the district court. *Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997). Summary judgment is appropriate only if "there is no

-4-

genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

As a USPS employee, § 501 of the Rehabilitation Act is the exclusive remedy for plaintiff's claim of disability discrimination. *See* 29 U.S.C. § 791; *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1477 (10th Cir. 1988). A plaintiff makes out a prima facie case of disability discrimination under the Rehabilitation Act by showing that (1) he is a disabled person within the meaning of the Act, (2) he is otherwise qualified for the job, and (3) he was discriminated against because of his disability. *Wells v. Shalala*, 228 F.3d 1137, 1144 (10th Cir. 2000); *Woodman*, 132 F.3d at 1338. Because the Rehabilitation Act incorporates the standards from the Americans with Disabilities Act of 1990, *see* 29 U.S.C. § 791(g), decisions under both Acts apply interchangeably to our analysis. *See Woodman*, 132 F.3d at 1339 n.8.

In his brief, plaintiff argues that he was diagnosed with inflammatory arthritis in 1997 and that at the time of his 2001 deposition the arthritis significantly limited his abilities to walk, sleep, eat, dress, bathe, get in and out of bed, and go to the restroom. *See* Aplt. Br. at 8. He argues that this evidence raised a factual dispute regarding whether he was disabled. However, our inquiry is whether plaintiff had a disability when he asked for accommodation in 1998, not whether he has since become disabled. *Cf. Sutton v. United Air Lines, Inc.*,

527 U.S. 471, 482-83 (1999) (explaining that a person requesting accommodation must be substantially limited by a disability at the time of the request; mere diagnosis is not enough). In 1998, the only medical restrictions plaintiff communicated to the USPS were that he could not work before 5:00 a.m. and that he required two consecutive days off.

We conclude the district court did not err in ruling that plaintiff failed to raise a triable issue regarding whether he was disabled when he asked the USPS for accommodation in 1998. The major life activity plaintiff identified as substantially limited was his ability to work. For a plaintiff to show that his ability to work is substantially limited, he must show that his condition precluded him from performing a class of jobs or a broad range of jobs. *See Sutton*, 527 U.S. at 491. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i).

Here, plaintiff's restrictions—that he could not work at night and required two consecutive days off—did not preclude him from performing most jobs. *See Sutton*, 527 U.S. at 492 ("[I]f a host of different types of jobs are available, one is not precluded from a broad range of jobs."). Other circuits have reached this conclusion when considering similar situations. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 644-45 (2nd Cir. 1998) (holding that police officer

who was restricted to a regular schedule of indoor daytime shifts was not substantially limited in the major life activity of working); *Kellogg v. Union Pac. R.R. Co.*, 233 F.3d 1083, 1087-88 (8th Cir. 2000) (affirming summary judgment because employee who could not work more than forty hours per week was not substantially limited in his ability to work); *Baulos v. Roadway Express, Inc.*, 139 F.3d 1147, 1151-53 (7th Cir. 1998) (holding that truck drivers whose sleep disorders precluded them from performing sleeper duty did not possess a substantial limitation on their ability to work and thus were not disabled).

Because plaintiff's medical condition did not preclude him from working a wide range of jobs when he requested USPS accommodation of his inability to work nights, he was not disabled and therefore was not entitled to such an accommodation. In light of our conclusion that plaintiff was not disabled, we need not address the district court's other bases for granting summary judgment in favor of the USPS.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-7-