**PUBLISH**

FILED
United States Court of Appeals
Tenth Circuit

August 14, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

LYNDA HICKEY,

      Plaintiff - Appellant,

v.

MEGAN J. BRENNAN, Postmaster
General, United Sates Postal Service,

      Defendant - Appellee.

No. 19-1317

———————————————————

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:19-CV-00413-MEH)**
———————————————————

Submitted on the briefs:[*]

Robert M. Liechty of Robert M. Liechty PC, Denver, Colorado, for Plaintiff-Appellant.

Jason R. Dunn, United States Attorney, and Marissa R. Miller, Assistant United States Attorney, Denver, Colorado, for Defendant-Appellee.

———————————————————

Before **BRISCOE**, **EBEL**, and **LUCERO**, Circuit Judges.
———————————————————

**EBEL**, Circuit Judge.
———————————————————

[*] This case was ordered submitted on the briefs on March 23, 2020.

Plaintiff Lynda Hickey, a former employee of the United States Postal Service ("USPS"), filed a discrimination complaint against Defendant Megan Brennan, the Postmaster General of the USPS, in her official capacity. Defendant filed a motion for summary judgment on the basis that Hickey had not properly exhausted her administrative remedies because she did not contact an Equal Employment Office ("EEO") counselor within forty-five days after her employment was terminated. The magistrate judge, exercising full jurisdiction with the consent of both parties, see 28 U.S.C. § 636(c)(1), granted Defendant's motion for summary judgment. For the reasons set forth below, we AFFIRM.

## I.   BACKGROUND

Hickey was employed as a letter carrier for the USPS. On September 30, 2017, she pushed one of her co-workers while they were both on the workroom floor. On October 20, 2017, the USPS issued Hickey a notice of removal from employment for "[u]nacceptable [c]onduct." Aplt. App. at 6. Six days later, on October 26, 2017, Hickey filed a grievance to challenge her removal pursuant to the procedures set forth in a collective bargaining agreement between the USPS and her union, the National Association of Letter Carriers. In her grievance, she alleged that the USPS's decision to terminate her employment was due to her supervisors' discriminatory animus and the agency's related failure to accommodate her disability of deafness. Hickey's removal became effective on December 5, 2017. The USPS and the union were not able to reach a resolution on the grievance, and it was

2

submitted to an arbitrator on December 20, 2017. On May 3, 2018, the arbitrator denied the grievance, finding that the USPS had just cause for her removal.

On March 29, 2018, Hickey contacted an EEO counselor. A few months after that, she filed a formal EEO complaint of discrimination, which was dismissed by the agency on the ground that Hickey's arguments amounted to an inappropriate collateral attack on the union grievance procedure. Hickey appealed the final agency decision to the Equal Employment Opportunity Commission ("EEOC"), which upheld the agency's decision on November 23, 2018.

On February 14, 2019, Hickey initiated this federal action by filing a complaint alleging discrimination under the Rehabilitation Act, 29 U.S.C. § 794. The parties consented to having a magistrate judge exercise full jurisdiction over all matters in the case pursuant to 28 U.S.C. § 636(c)(1).

Defendant sought summary judgment based on Hickey's failure properly to exhaust her administrative remedies before the EEO, as she had failed to contact an EEO counselor within forty-five days of the adverse personnel action as required by 29 C.F.R. § 1614.105(a). In response, Hickey did not dispute that her contact with the EEO counselor was untimely, but she argued that Defendant should nonetheless be estopped from raising exhaustion as a defense because the EEO counselor failed to give her necessary advisements regarding the EEO process. Specifically, she argued that the EEO counselor should have informed her that (1) she could not pursue both an EEO complaint and a union grievance and, (2) because she had already begun the

3

union grievance procedure, the proper course of action was to wait for the grievance to be resolved and then, if denied, appeal the denial of her grievance directly to the EEOC. The magistrate judge concluded that Hickey's argument was premised on a misreading of the pertinent regulations. He accordingly granted Defendant's motion for summary judgment based on Hickey's failure to timely exhaust her administrative remedies.

In her opening appellate brief, Hickey raised the same arguments she had relied on below. However, her reply brief concedes that postal employees are in fact permitted to pursue both an EEO complaint and a union grievance simultaneously. Nevertheless, she maintains that Defendant is still estopped from raising an exhaustion defense based on the EEO counselor's failure to give necessary advisements. She now contends the EEO counselor should have advised her both that (1) she could appeal the denial of her union grievance directly to the EEOC and, (2) although her EEO complaint was untimely because it should have been pursued simultaneously with the union grievance, she might be entitled to an extension of the time limit.

We affirm the magistrate judge's ruling because the arguments Hickey raises in her reply brief, even assuming they have not been waived or forfeited, are no more persuasive than the arguments in her opening brief. The pertinent regulations establish that she could not have appealed the denial of her union grievance to the EEOC, and thus the EEO counselor had no obligation to recommend this ineffective

4

course of action to her. As for the issue of timeliness, the record reflects that the EEO counselor in fact told Hickey that there might be a problem with the timeliness of her EEO complaint. Moreover, Hickey does not argue, nor does the record indicate, that there was any valid reason why the agency should have granted an extension of time to excuse her untimely contact with the EEO counselor. Hickey's failure properly to exhaust her administrative remedies through timely contact with the EEO counselor thus warrants the entry of summary judgment in favor of Defendant.

## II.    DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." Tesone v. Empire Mktg. Strategies, 942 F.3d 979, 994 (10th Cir. 2019) (internal quotation marks and brackets omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies." Showalter v. Weinstein, 233 F. App'x 803, 804 (10th Cir. 2007). These procedures are set forth in Part 1614 of Chapter 29 of the Code of Federal Regulations. See id. Among other requirements, "[b]efore a federal civil servant can sue h[er] employer for

5

[discrimination or retaliation], [s]he must . . . 'initiate contact' with an Equal Employment Opportunity counselor at h[er] agency 'within 45 days of the date of the matter alleged to be discriminatory.'" Green v. Brennan, 136 S. Ct. 1769, 1774 (2016) (quoting 29 CFR § 1614.105(a)(1)). This regulatory exhaustion requirement is not a jurisdictional prerequisite for suit but is a claims-processing rule that the employer may raise as an affirmative defense. See Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1185 (10th Cir. 2018) ("[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."); Cirocco v. McMahon, 768 F. App'x 854, 857 & n.2 (10th Cir. 2019) (clarifying that this principle applies to federal employers as well as private employers); see also Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1851 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). It is accordingly subject to the same waiver and estoppel principles that govern other affirmative defenses. Lincoln, 900 F.3d at 1186 n.11. Because it is a mandatory rule, however, the court must enforce this exhaustion requirement if the employer properly raises it. See Davis, 139 S. Ct. at 1849–51. "[E]quitable doctrines such as tolling or estoppel . . . are to be applied sparingly," Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), because the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not

6

to be disregarded by courts out of a vague sympathy for particular litigants," Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

Section 301 of 29 C.F.R. § 1614 describes how EEO complaints are processed for three categories of federal employees. First, employees who are both covered by a collective bargaining agreement and employed by executive agencies subject to 5 U.S.C. § 7121(d)[1]—which notably does not apply to the USPS, see Burke v. U.S. Postal Serv., 888 F.2d 833, 834 (Fed. Cir. 1989)—must elect either to proceed with an EEO complaint or to engage in the union grievance process. 29 C.F.R. § 1614.301(a); see also 5 U.S.C. § 7121(d). If they choose to proceed with the union grievance process, then they may not proceed with the full EEO process, but they do have the right to appeal the results of the union grievance process to the EEOC if their claims involve a complaint of discrimination. 29 C.F.R. § 1614.301(a); see also 5 U.S.C. § 7121(d). Second, federal employees who are not covered by a collective bargaining agreement should simply proceed with an EEO complaint under Part 16. 29 C.F.R. § 1614.301(b). Finally, a federal employee who is covered by a collective

_____

[1] Section 7121(d) sets forth the procedures by which "[a]n aggrieved employee" may seek a remedy for "a prohibited personnel practice." 5 U.S.C. § 7121(d). The definition of "employee" that governs this section limits its reach, as "employee" is defined to refer only to "agency" employees who do not fall into one of several enumerated exceptions. 5 U.S.C. § 7103(a)(2). The parties do not dispute that USPS employees are not covered by this definition because the USPS is not an "agency." See Burke v. U.S. Postal Serv., 888 F.2d 833, 834 (Fed. Cir. 1989) (holding that the USPS is "an independent establishment of the executive branch" rather than an "agency").

bargaining agreement and whose federal employer is not subject to 5 U.S.C. § 7121(d)—including postal employees like Hickey—may proceed with an EEO complaint under Part 16 regardless of whether or not a union grievance is also in process, except that the agency may hold certain time limits in abeyance while a grievance is being processed. 29 C.F.R. § 1614.301(c).

As Hickey concedes in her reply brief, her complaint fell under the third subsection of this regulation, and thus she could (and should) have proceeded with her EEO complaint under Part 16 during the same timeframe that she was pursuing the union grievance process. Cf. Debbi V. v. Brennan, EEOC Doc. 2019002403, 2019 WL 3335297, at *2 (July 2, 2019) ("Unlike many other federal agencies, the Postal Service is not subject to 5 U.S.C. § 7121(d), so its employees are not obligated to make an election between pursuing their claim through the negotiated grievance process or the EEO complaint process. Therefore, Complainant was entitled to challenge the [letter of warning] under both the grievance process and the EEO complaint process." (citation omitted)); Cliff C. v. Brennan, EEOC Doc. 0220150005, 2016 WL 2956784, at *1 (May 13, 2016) ("The United States Postal Service is one of the federal agencies not covered by 5 U.S.C. § 7121(d)[, and] its employees are not required to choose between the grievance or EEO process when raising discrimination claims.").

To pursue an EEO complaint under Part 16, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to

8

be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). It is undisputed that Hickey did not meet this deadline.[2] Nevertheless, Hickey argues that her untimeliness should be excused and/or that the government should be estopped from raising it as an affirmative defense because the EEO counselor failed properly to advise her regarding her "rights and responsibilities" as required by 29 C.F.R. § 1614.105(b)(1). For support, Hickey cites to a case in which we held that evidence of misleading information allegedly given to a former postal employee, if credited, would equitably toll his time limit and estop the USPS from asserting untimeliness as a defense. Richardson v. Frank, 975 F.2d 1433, 1434–35, 1437 (10th Cir. 1991).

However, Richardson is clearly distinguishable from this case. In Richardson, the employee's evidence showed that he did not make timely contact with an EEO counselor because he had been misled by the USPS to believe that he had no right to avail himself of the EEO process; thus, the government could be equitably estopped from asserting untimeliness as a defense because it was the government's conduct that allegedly caused the untimeliness in the first place. Hickey presents no comparable evidence or argument here. She does not argue that her untimely contact with the EEO was caused by misleading information; rather, she argues that she received misleading information from the EEO counselor only at their March 29,

---

[2] Ms. Hickey was dismissed on December 5, 2017, and her initial contact with the EEO counselor was March 29, 2018.

9

2018 contact, at which point Hickey had already missed her deadline to initiate an EEOC claim by contacting an EEO counselor. Moreover, as explained in further detail below, Hickey has not even shown that the information given to her by the EEO counselor was incorrect or otherwise prejudiced her ability to pursue her claims of discrimination. Thus, Hickey has not satisfied one of the "basic elements . . . necessary to obtain equitable estoppel against the government": She has not shown that she "'rel[ied] on the [government]'s conduct to h[er] injury.'" Barnes v. United States, 776 F.3d 1134, 1149 (10th Cir. 2015) (quoting Tsosie v. United States, 452 F.3d 1161, 1166 (10th Cir. 2006)).

Hickey initially argued to us that the EEO counselor erroneously failed to advise her that she could appeal the result of the union grievance process to the EEOC. However, Hickey now acknowledges that this argument runs squarely counter to a regulation which provides that employees of agencies not governed by 5 U.S.C. § 7121(d), such as the USPS, may not appeal the results of a union grievance proceeding to the EEOC. Specifically, in its description of the various types of appeals that various parties may file with the EEOC, Section 401 provides:

> A grievant may appeal the final decision of the agency[ or] the arbitrator . . . on the grievance when an issue of employment discrimination was raised in a negotiated grievance procedure that permits such issues to be raised. A grievant may not appeal under this part, however, . . . if 5 U.S.C. 7121(d) is inapplicable to the involved agency.

10

29 C.F.R. § 1614.401(d).[3]  While the plain language of this regulation thus prohibits Hickey from appealing the result of her union grievance process to the EEOC, Hickey argues that this regulation has been superseded by Section 301(c), which provides:

> When a person is employed by an agency not subject to 5 U.S.C[.] [§] 7121(d) and is covered by a negotiated grievance procedure, allegations of discrimination shall be processed as complaints under this part, except that the time limits for processing the complaint contained in § 1614.106 and for appeal to the Commission contained in § 1614.402 [(setting forth time limits for the various types of appeals described in Section 401)] may be held in abeyance during processing of a grievance covering the same matter as the complaint if the agency notifies the complainant in writing that the complaint will be held in abeyance pursuant to this section.

29 C.F.R. § 1614.301(c).  According to Hickey, because one of the types of appeals that generally can be filed with the EEOC under Section 401 is an appeal from a union grievance decision, then Section 301(c)'s permission for the agency to hold EEOC appeals in abeyance must necessarily mean that postal employees can appeal the denial of a union grievance to the EEOC, notwithstanding the plain language of Section 401(d).

We find this argument unpersuasive.  Section 401(d) provides much more specific guidance than Section 301(c) on the question of whether USPS employees may appeal the denial of a union grievance to the EEOC.  Indeed, Section 401(d) both directly and specifically answers this question, while Section 301(c) touches this

_____

[3] See 29 C.F.R. § 1614.301(a) and 5 U.S.C. § 7121(d) (excluding the USPS from § 7121(d)).  See also Burke v. U.S. Postal Serv., 888 F.2d at 834.

11

question, at best, only indirectly and generally. Hickey's argument thus runs contrary to the "well established canon of statutory [and regulatory] interpretation . . . 'that the specific governs the general.'" RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645 (2012) (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992)).

Furthermore, we reiterate that there are several types of appeals that can be filed with the EEOC, including appeals from a final agency action on an EEO complaint. See 29 C.F.R. § 1614.401. Thus, enforcing the plain language of Section 401(d) does not render Section 301(c) a nullity, as Section 301(c) will still come into play when, for instance, a USPS employee pursuing both an EEO complaint and a union grievance files an appeal from the agency's decision on the EEO complaint while the union grievance process is still ongoing. On the other hand, Hickey asks us completely to nullify a significant portion of Section 401(d) on the basis that it has been superseded by a more general provision regarding the time limits for EEOC appeals. Hickey's argument thus further runs contrary to the "basic tenet of statutory construction, equally applicable to regulatory construction, that a statute 'should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'" Silverman v. Eastrich Multiple Inv'r Fund, LP, 51 F.3d 28, 31 (3d Cir. 1995)

12

(quoting 2A Norman J. Singer, Sutherland, Statutes and Statutory Construction, §
46.06, at 119–20 (5th ed. 1992)).

Hickey's argument appears to be premised on a policy disagreement with
Section 401(d)'s restriction on the categories of federal employees who may appeal
union grievance decisions to the EEOC.  However, this argument fails to recognize
not only the plain language of the regulation, but also the legitimate reasons why
Section 401(d) may distinguish between individuals who are employed by agencies
governed by 5 U.S.C. § 7121 and those who are not.  Employees of agencies
governed by 5 U.S.C. § 7121 must elect between pursuing a union grievance or filing
an EEO complaint, and, when such employees elect to pursue a union grievance,
Section 401(d) preserves some measure of EEOC review over their discrimination
claims by giving the EEOC authority to review the result of the union grievance
proceeding.  But for postal employees like Hickey, their ability to pursue both
remedies at once means that they are able to obtain EEOC review simply by
following the EEO process, regardless of whether or not they are also pursuing a
union grievance.  Accordingly, Section 401(d) reasonably forecloses duplicative
EEOC review of appeals from the parallel grievance track for such employees.[4]

---

[4] We note that a final arbitration decision in the union grievance process for postal
employees is not completely unreviewable, despite the prohibition on EEOC appeals
contained in Section 401(d).  A postal employee seeking to challenge the result of a
union grievance proceeding may file a federal lawsuit claiming breach of the
collective bargaining agreement and duty of fair representation under 39 U.S.C. §
1208(b).  However, it is undisputed that Hickey did not bring any such claim in this

13

Hickey therefore has not shown that the EEO counselor misleadingly failed to advise her of a legal right to appeal the arbitration decision directly to the EEO; no such right existed. We accordingly reject her argument that the government is equitably estopped from asserting an exhaustion defense based on the EEO counselor's failure to inform her of this supposed right.

Hickey further argues in her reply brief that the government is equitably estopped from raising exhaustion as a defense because the EEO counselor failed to advise her of her legal right to pursue an EEO action at the same time she pursued the grievance. As an initial matter, it is unclear that the EEO counselor was required to give any such advisement, especially where Hickey did not contact the EEO counselor until after she had already initiated the union grievance process and after her forty-five-day time limit for contacting the EEO had expired, thereby precluding an EEOC claim. Hickey relies on EEO Management Directive 110,[5] but this directive only provides that an EEO counselor must advise claimants of the possible applicability of the election-of-remedies provisions of 5 U.S.C. § 7121(d) and then

_____

case but instead alleged a stand-alone claim of discrimination under the Rehabilitation Act. Moreover, even if Hickey were seeking to pursue a § 1208(b) claim in this case, it would be subject to dismissal as time-barred because Hickey did not file this action within six months after the union arbitration decision was issued. See Guice v. Postmaster Gen., 718 F. App'x 792, 796 (11th Cir. 2017).

[5] U.S. Equal Emp. Opportunity Comm'n, EEO MD-110, Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, EEO Management Directive 110 (2015), 2015 WL 4885934.

14

explains that allegations of discrimination brought by employees to whom § 7121(d) is inapplicable, such as postal employees, are to be processed as EEO complaints regardless of any pending union grievance. This directive does not clearly require EEO counselors to advise postal employees of their right to proceed with an EEO complaint at the same time as a union grievance.

Moreover, even assuming for purposes of appeal that it might generally be appropriate or required for an EEO counselor to advise postal employees of their right to pursue both processes simultaneously, we are not persuaded that the EEO counselor's failure to give such an advisement in this case prejudiced Hickey's rights or otherwise caused her an injury warranting equitable estoppel. See Barnes, 776 F.3d at 1149. Hickey raises only one reason why she believes this advisement was necessary under the circumstances of this case: According to Hickey, the EEO counselor needed to advise her of her right to pursue both remedies at once so that she would be on notice of the potential untimeliness of her EEO contact and could request the agency to affirmatively decide whether it should waive her untimeliness. However, the EEO counselor's report, the validity of which Hickey does not dispute, indicates that the counselor in fact warned Hickey in their initial meeting of the potential timeliness problem and told her that she needed to present a written statement of the reasons for her untimeliness if she was challenging a decision made more than forty-five days prior to her EEO contact. The record does not reflect that Hickey gave the agency such a statement or otherwise attempted to demonstrate that

15

she was entitled to an extension of the time limit under 29 C.F.R. § 1614.105(a)(2). To the contrary, the EEO counselor's report indicates that she argued simply that her EEO contact was timely because the forty-five-day limit was not triggered by her termination but was instead triggered by events occurring within the grievance process—an argument that Hickey has not pursued in this federal litigation. Thus, Hickey's failure to provide the EEO counselor with the reasons for her untimeliness cannot be attributed to the government. Under these circumstances, Hickey cannot establish that she "rel[ied] on the [government]'s conduct to h[er] injury," and she therefore has not shown that she is entitled to equitable estoppel against the government. Barnes, 776 F.3d at 1149.

Finally, to the extent Hickey is now arguing that the agency erred in failing sua sponte to extend the time limit under 29 C.F.R. § 1614.105(a)(2), she does not cite any evidence in the record suggesting that she was entitled to an extension of time, nor have we found any evidence in the record that could support such a claim. Section 105(a)(2) provides:

> The agency or the Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have . . . known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). "The regulation thus provides that if the aggrieved person meets the circumstances set out therein, either the agency or the Commission

16

must extend the time limit, and vests both the agency and the Commission with discretion to extend the limit for reasons other than those contained in the regulation itself." Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002). But, even assuming that any arguments for an extension of time were not waived by Hickey's failure to raise them before the agency or the EEOC, she has not shown either that she meets the qualifying circumstances described in the regulation or that the agency or EEOC abused its discretion by declining to extend the time limit for some other reason.

First, an employee may be entitled to an extension if she shows that she was not notified or otherwise made aware of the time limits. 29 C.F.R. § 1614.105(a)(2). However, Defendant presented evidence, which Hickey does not dispute, that the post office where Hickey was employed "displayed EEO posters visibly on the walls" informing employees of the requirement to contact an EEO counselor within forty-five days of the effective date of an allegedly discriminatory personnel action. Aplt. App. at 203. Such posters may suffice to establish constructive notice of EEO time limits, even where an employee maintains that she did not actually notice the posters, see Johnson v. Henderson, 314 F.3d 409, 411, 415 n.4 (9th Cir. 2002), and Hickey provides no reason why the posters in this case would not have provided such constructive notice to her. Cf. Sizova, 282 F.3d at 1327 (concluding that posters did not establish constructive notice where employee argued, among other things, that she had reason to believe that she was not the type of employee covered by the

17

notice).  We agree with our sister circuits that constructive notice is sufficient to bar

relief under Section 105(a)(2) because "it cannot be that an employee claiming to

have been unaware of the 45-day time limit would be automatically entitled to an

extension even though the agency, through posters, employee handbooks, orientation

sessions, etc., made conscientious efforts to advise its employees of the time limit."

Harris v. Gonzales, 488 F.3d 442, 445 (D.C. Cir. 2007); see also Henderson, 314

F.3d at 415 n.4. "'[S]ubjective ignorance alone does not automatically entitle the

plaintiff to the exception in subsection (a)(2).'"  Harris, 488 F.3d at 445 (quoting

Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995)) (brackets omitted).  Moreover,

we note that Hickey does not dispute Defendant's argument that her conduct in

pursuing previous EEO complaints indicates that she was actually aware of the

applicable forty-five-day limit for contacting an EEO counselor.  We therefore

conclude that Hickey has not demonstrated that she was entitled to an extension

based on a lack of notification or awareness of the applicable forty-five-day time

limit.

Section 105(a)(2) next provides that the agency or EEOC must extend the time

limit where the employee "did not know and reasonably should not have . . . known

that the discriminatory matter or personnel action occurred."  29 C.F.R. §

1614.105(a)(2).  There is no dispute in this case, however, that Hickey was fully

aware of her termination both when she received her notice of removal in October

18

2017 and when her removal became effective in December 2017. Thus, Hickey could have obtained no relief under this prong of the regulation either.

Hickey further has not shown that "despite due diligence . . . she was prevented by circumstances beyond . . . her control from contacting the counselor within the time limits." Id. She contacted her union representatives during the pertinent time period to initiate the union grievance process, and she presents no reason why she could not have similarly contacted the EEO counselor within the forty-five-day limit.

Finally, Section 105(a)(2) vests the agency and EEOC with the discretion to extend the time limit for "other reasons considered sufficient by the agency or the Commission." Id. Hickey does not suggest, and the record does not reflect, that there was any other reason why the agency or EEOC should even have considered an extension, much less that the agency or EEOC abused its discretion by failing to sua sponte extend the time limit under the circumstances of this case.

## III. CONCLUSION

In sum, Hickey failed to initiate contact with an EEO counselor within forty-five days after the effective date of her termination as required by 29 C.F.R. § 1614.105(a). She has not shown either that Defendant should be equitably estopped from raising her lack of timeliness as an affirmative defense or that she was entitled to an extension of time for initiating contact with the EEO. Thus, based on Hickey's failure to make timely contact with an EEO counselor as required to

19

exhaust her administrative remedies, we AFFIRM the magistrate judge's summary

judgment decision in favor of Defendant.