**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

ABIGAIL GAIL PADILLA,

     Plaintiff - Appellant,

v.

STEVEN T. MNUCHIN, Secretary of the
Department of the Treasury,

     Defendant - Appellee.

No. 20-1177
(D.C. No. 1:18-CV-02302-RBJ)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT***
———————————————————

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
———————————————————

Pro se Plaintiff Abigail Gail Padilla appeals the summary judgment entered

against her on her claims brought under three federal employee-protection statutes

against Defendant Steven Mnuchin in his official capacity as Secretary of the Treasury.

The claims arise from Ms. Padilla's former employment by the Internal Revenue Service

(IRS). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Ms. Padilla worked for several years as a seasonal employee for the IRS during the annual tax filing season. Her duties included advising taxpayers in face-to-face meetings, working with more senior IRS personnel, and resolving various administrative issues.

Ms. Padilla started to request numerous disability accommodations in 2013. She attributed many of these disabilities to her IRS employment, largely arising from stress created by several coworkers who purportedly were racist and hostile to her. She submitted 41 Reasonable Accommodation Requests (RARs) to deal with her claimed disabilities. The IRS granted some, such as modifying Ms. Padilla's work schedule and relocating her workstation away from her coworkers. But most were denied as unreasonable or beyond the scope of the RAR process. For example, although the IRS granted Ms. Padilla's request for a service dog and leave to train it, the IRS denied her request that it pay for the dog and its personal items.

Ms. Padilla started to request large amounts of medical leave in January 2014 but often failed to provide requisite medical documentation. During the 2015 tax season, she would frequently leave work without notice, often reporting to be "triggered" by her coworkers. In February 2015, Territory Manager Kathryn Lett wrote to her that unless her unapproved absences abated, she could be terminated. But her attendance did not improve. A month later, Ms. Lett informed Ms. Padilla that she was recommending termination. Ms. Lett reported that Ms. Padilla had worked only 177.5 of approximately 1,384 hours expected between January 2014 and March 2015 and that there was no foreseeable end to the excessive absences. Ms. Lett found that because of the absences,

2

Ms. Padilla could not adequately perform her duties and disrupted the workflow of her team. The IRS accepted Ms. Lett's recommendation three months later and terminated Ms. Padilla's employment.

Both before and after her termination, Ms. Padilla lodged numerous administrative challenges to her workplace environment, the denial of her RARs, and her ultimate termination. She also filed four separate actions in federal district court. Three were dismissed before service on the defendants. It is her fourth action that gives rise to the present appeal.

Because Ms. Padilla is proceeding pro se, we liberally construe her pleadings and briefs. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We can perceive four claims raised in her amended complaint: (1) her termination was unlawful retaliation for making disclosures (about her purportedly hostile coworkers) that are protected by the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302(b); (2) her termination was an act of unlawful discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*; (3) Defendant denied her requests for reasonable disability accommodations in violation of the Rehabilitation Act, 29 U.S.C. § 791; and (4) her termination was an act of unlawful disability discrimination, also in violation of the Rehabilitation Act.[1] The district court granted Defendant's

---

[1] Ms. Padilla's amended complaint and appellate brief claim violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.* But federal employees are expressly excluded from coverage under the ADA, *see* 42 U.S.C. § 12111(5) (defining employers subject to the ADA and specifically excluding the United States); and her exclusive remedy is under the Rehabilitation Act, *see Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, [the plaintiff] has no remedy for

motion for summary judgment on the first three claims and failed to address the fourth. We proceed to address the claims in order.

Ms. Padilla's WPA claim in district court is asserted as a distinct claim independent of any prior or ongoing administrative proceedings. The district court dismissed the claim on the ground that it is preempted by the Civil Service Reform Act, which "provides a comprehensive claims procedure" for such claims, *Steele v. United States*, 19 F.3d 531, 532 (10th Cir. 1994); *see, e.g.*, 5 U.S.C. §§ 1214, 1221, 2302. On appeal Ms. Padilla asserts that she "experienced whistleblower retaliations and reprisals," Aplt. Br. at 2, but she fails to discuss—much less refute—the district court's analysis. Even though she is a pro se litigant, we expect her to observe the same rules of procedure as other litigants. *See Garrett*, 425 F.3d at 840. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* At a minimum, "a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Id.* at 841 (ellipsis and internal quotation marks omitted). "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Although Ms. Padilla's brief asserts that

---

employment discrimination under the ADA. His sole claim for discrimination on the basis of disability is under the Rehabilitation Act, if anywhere." (citation omitted)); *Vidacak v. Potter*, 81 F. App'x 721, 723 (10th Cir. 2003) ("[T]he Rehabilitation Act is the exclusive remedy for [a United States Postal Service employee's] claim of disability discrimination."). The district court, construing the pro se filings liberally, read Ms. Padilla's ADA claims as Rehabilitation Act claims; and we do the same. Under both acts, "the substantive standards for determining whether an individual is disabled are the same." *Sanchez v. Vilsack*, 695 F.3d 1174, 1177 n.2 (10th Cir. 2012).

"the district court applied the wrong law," Aplt. Br. at 4, it neither identifies nor argues specific legal errors in the district court's holding. We therefore decline to devote further attention to the issue and uphold the district court.

The district court dismissed Ms. Padilla's Title VII claim on the ground that it was procedurally barred because she had failed to exhaust her administrative remedies. "Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (internal quotation marks omitted). Ms. Padilla's appellate brief generally argues that Defendant violated her Title VII rights but does not mention the issue of exhaustion, let alone provide evidence or argument to challenge the district court's exhaustion ruling. Again, we uphold the district court because of her inadequate briefing.

As for Ms. Padilla's Rehabilitation Act claim for failure to accommodate a disability, to prevail "a plaintiff must demonstrate that: (1) she is disabled; (2) she is 'otherwise qualified'; and (3) she requested a plausibly reasonable accommodation." *Sanchez*, 695 F.3d at 1177. "The determination of whether a requested accommodation is reasonable must be made on the facts of each case . . . ." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017) (internal quotation marks omitted). Here, the district court studied each of Ms. Padilla's 41 RARs and provided an assessment of the reasonableness of Defendant's decision on each. It said that Ms. Padilla failed to produce any evidence showing that Defendant's many denials of her RARs were unreasonable, much less

5

motivated by discrimination. Ms. Padilla's brief does state that Defendant "refused to accommodate" her disabilities, Aplt. Br. at 2, but it neither engages with the district court's analysis nor points to evidence to refute the court's factual findings. We affirm the district court on this claim because her brief does not adequately dispute the ruling.

Finally, because we construe Ms. Padilla's pro se filings liberally (perhaps too liberally), we read her complaint to encompass an additional Rehabilitation Act claim that the district court did not address. Her amended complaint alleged that "she was fired because she purportedly would need accommodations in the future." Aplee. App. at 13. But federal employees may not file Rehabilitation Act claims in federal court until they have exhausted their administrative remedies. *See Hickey*, 969 F.3d at 1118. There is no evidence that Ms. Padilla satisfied this prerequisite. And she has presented no argument in support of this claim in her appellate brief. We therefore will not overturn the district court's (implicit) dismissal of the claim.

For the forgoing reasons, we **AFFIRM** the district court's grant of summary judgment.

Entered for the Court


Harris L Hartz
Circuit Judge