**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

LYNDA HICKEY,

    Plaintiff - Appellant,

v.

NATIONAL ASSOCIATION OF
LETTER CARRIERS, AFL-CIO,

    Defendant - Appellee.

No. 21-1213
(D.C. No. 1:20-CV-00358-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Plaintiff Lynda Hickey worked for years as a letter carrier for the United

States Postal Service, where Defendant National Association of Letter Carriers

served as her collective-bargaining representative.  Over the years, Plaintiff requested

accommodations for her deafness and filed complaints when she did not receive

them.  Plaintiff's accommodation requests and complaints allegedly did not sit well

with some of her colleagues, so they manufactured a scuffle with Plaintiff to get her

fired.  It worked, and Plaintiff approached Defendant about seeking redress for

disability discrimination.  Defendant told Plaintiff that she should file a union

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grievance but could not file an Equal Employment Opportunity ("EEO") complaint until the grievance process concluded. But that was wrong, as Plaintiff learned when her attempt to pursue an EEO complaint failed because she did not timely file it. So Plaintiff sued Defendant, alleging that its inaccurate advice constituted negligence under Colorado law. But the district court determined that federal labor law preempts Plaintiff's negligence claim and dismissed the suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Plaintiff worked as a letter carrier for the United States Postal Service for seventeen years before her termination in 2017. She was a member of Defendant throughout her employment. Plaintiff is deaf, but a cochlear implant in her left ear and a hearing aid in her right ear help her hear about one-third of the words spoken to her. During her employment, Plaintiff requested many accommodations for her deafness and asked Defendant to file grievances on her behalf when the Postal Service denied her requests. After Defendant declined to file any grievances, Plaintiff filed EEO complaints against the Postal Service.

Plaintiff's supervisor and colleagues allegedly did not believe that Plaintiff struggled with hearing and thought she simply wanted unjustified accommodations. So they allegedly manufactured an incident to get her fired. While Plaintiff was sorting mail, one of Plaintiff's colleagues allegedly snuck up behind her. Feeling something touch her heel, Plaintiff turned around to find her colleague yelling in her face. Startled, Plaintiff pushed her colleague away.

2

Because Plaintiff pushed another employee, the Postal Service suspended her without pay for "unacceptable conduct" and ultimately terminated her employment. Plaintiff believed that the Postal Service really fired her because of her deafness and that the incident with her colleague was part of a discriminatory scheme to provide cover for her firing.  So Plaintiff filed a union grievance.

When starting the grievance process, Plaintiff's husband asked Defendant if Plaintiff could simultaneously pursue a union grievance and an EEO charge. Defendant incorrectly told him that she could not.  Relying on this inaccurate advice, Plaintiff first pursued a union grievance without filing an EEO complaint.  After an arbitrator denied Plaintiff's grievance, Defendant told Plaintiff she could then pursue an EEO charge because the grievance process had concluded.

Plaintiff unsuccessfully sought relief through the Postal Service's internal EEO process.  She appealed to the United States Equal Employment Opportunity Commission, but it too denied relief.  So Plaintiff sued the Postal Service in federal court.  But the district court dismissed Plaintiff's claim because by initiating the EEO process too late, Plaintiff failed to exhaust her administrative remedies.  We affirmed. See Hickey v. Brennan, 969 F.3d 1113, 1116 (10th Cir. 2020).

Plaintiff then sued Defendant in the District of Colorado.  Plaintiff alleged that she would have timely filed her EEO complaint had Defendant not incorrectly told her that she had to first complete the grievance process.  According to Plaintiff, Defendant's faulty advice constituted negligence under Colorado law because as a labor union, Defendant owed Plaintiff a duty to give accurate advice about her

3

employment rights.[1]   Defendant moved to dismiss the negligence claim, arguing that federal labor law preempted it.  The district court granted Defendant's motion.  Plaintiff appeals.

## II.

We review de novo a district court's dismissal for failure to state a claim.  Sacchi v. IHC Health Servs., Inc., 918 F.3d 1155, 1157 (10th Cir. 2019).  While doing so, we accept the factual allegations in Plaintiff's complaint as true and construe them in the light most favorable to her.  See id.  We then determine whether Plaintiff's factual allegations, so construed, plausibly entitle Plaintiff to relief under the cause of action asserted.  See Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009).

## III.

In its motion to dismiss, Defendant argued that both § 301 of the National Labor Relations Act ("NLRA") and the federal duty of fair representation preempt Plaintiff's state-law negligence claim.  The district court held that § 301 of the NLRA preempts Plaintiff's negligence claim and thus did not address the duty of fair representation.  But we may affirm on any ground supported by the record—even if not the ground the district court relied on.  Safe Sts. All. v. Hickenlooper, 859 F.3d 865, 879 (10th Cir. 2017) (citation omitted).  We hold that the federal duty of fair

---

[1] Plaintiff also asserted a negligent-misrepresentation claim but later abandoned it.

representation preempts Plaintiff's negligence claim and thus affirm the district court's judgment.[2]

The Supreme Court has long held that § 9(a) of the NLRA imposes an implied duty on unions serving as exclusive bargaining representatives to represent their members fairly. See Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998) (citing Ford Motor Co. v. Huffman, 345 U.S. 330, 337 (1953); Vaca v. Sipes, 386 U.S. 171, 177 (1967)). This duty of fair representation applies to all union activity and prohibits the union from acting arbitrarily, discriminatorily, or in bad faith. Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991). A union acts arbitrarily when its conduct falls "so far outside a wide range of reasonableness as to be irrational" given the facts and law at the time. Id. (internal quotation omitted). In other words, mere negligence does not breach a union's duty of fair representation. United Steelworkers of Am. v. Rawson, 495 U.S. 362, 372–73 (1990).

Under federal labor law, unions have no duties to their members beyond fair representation unless they contractually create them. See id. at 373–74 (explaining that unions must contractually accept duties beyond the duty of fair representation). For that reason, we have held that when union activity falls under the duty of fair representation, the duty preempts any other duties that state law might impose on the union. See Thomas v. Nat'l Ass'n of Letter Carriers, 225 F.3d 1149, 1158 (10th Cir. 2000).

---

[2] We thus do not consider whether § 301 of the NLRA alternatively preempts Plaintiff's state-law negligence claim.

Defendant's alleged conduct here falls under the duty of fair representation. Plaintiff alleged that Defendant served as her exclusive collective-bargaining representative and gave her faulty advice about her rights in an employment dispute. Because of Defendant's status as Plaintiff's collective-bargaining representative, Plaintiff alleged that Colorado law imposes a duty of care on Defendant to accurately answer Plaintiff's questions about her employment rights. But as explained above, Defendant's only duty to Plaintiff based on its role as her collective-bargaining representative was its duty under federal labor law to represent her fairly. Thus, Defendant is liable to Plaintiff for its faulty advice only if Defendant acted arbitrarily, discriminatorily, or in bad faith, regardless of any claims Plaintiff might otherwise have under Colorado law.

Plaintiff argues that the duty of fair representation applies only to union conduct while representing an employee in a grievance proceeding. Because Defendant's faulty advice did not occur while representing Plaintiff in the grievance process, Plaintiff argues that the duty does not apply. But the Supreme Court has stated that the duty of fair representation applies to all union activity. O'Neill, 499 U.S. at 67. And we have applied the duty of fair representation outside the grievance context, including when a union allegedly provided its members bad advice. See Schwartz v. Bhd. of Maint. of Way Emps., 264 F.3d 1181, 1184–87 (10th Cir. 2001) (applying the duty-of-fair-representation analysis to a union's provision of inaccurate advice that led to employees' unintentionally forfeiting their jobs); Nelson v. Holmes Freight Lines, 37 F.3d 591, 595 (10th Cir. 1994) (applying the duty-of-fair-

6

representation analysis to a union's provision of inaccurate advice that led to an employee's losing his grievance rights). In Schwartz, we explained that the duty of fair representation arises from the union's status as the exclusive representative of its members' interests. 264 F.3d at 1185 (citation omitted). This status requires unions to pursue their members' interests in all respects without discrimination, bad faith, or arbitrary conduct—when pursuing a grievance, when giving advice, or when otherwise providing their services to their members. See id. at 1185, 1187.

Plaintiff does not dispute that Defendant's status as her collective-bargaining representative gave rise to the alleged duty here. Plaintiff does not claim that everyone in Colorado has a duty to provide accurate advice about employment rights when asked, nor does Plaintiff claim that Defendant has a duty to provide accurate information to any person who asks for it. Only because of Defendant's union–member relationship with Plaintiff does Plaintiff claim Defendant had a duty to provide her accurate information about her rights. Indeed, Plaintiff asserts that she "pays her union dues to receive such advice." Appellant's Br. at 16. But as explained above, Defendant's only duty to its members based on its status as their union is its duty under federal labor law to represent them fairly. That duty preempts any duties state law might impose on Defendant because of its status as a union. Thus, the duty of fair representation provides Plaintiff's only possible remedy for Defendant's bad advice. And because Plaintiff concedes that she did not file suit before expiration of the six-month statute of limitations applicable to fair-

7

representation claims, the district court properly dismissed Plaintiff's negligence claim.  See Thomas, 225 F.3d at 1158.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge
