**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DEIDRA RITCHHART,

    Plaintiff - Appellant,

v.

LOUIS DEJOY, United States Postmaster
General; BRIAN L. RENFROE, President
of NALC,

    Defendant - Appellees.

No. 23-4078
(D.C. No. 4:23-CV-00001-PK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Deidra Ritchhart appeals pro se from the district court's dismissal of her

amended complaint alleging discrimination based on her gender/sex and her

disability in violation of Title VII and the Rehabilitation Act.  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.    **Background**

Ritchhart worked for the United States Postal Service (USPS) for approximately one month before her termination on December 22, 2022.  She filed a pro se complaint in district court on January 5, 2023, asserting claims under Title VII and the Americans with Disabilities Act (ADA) against USPS employees and representatives of the National Association of Letter Carriers (Union).  Ritchhart alleged discrimination based upon her gender/sex and her disability.  She further asserted that she filed an Equal Employment Opportunity (EEO) discrimination charge on December 22 and that she had not yet received a right-to-sue letter.

A magistrate judge screened Ritchhart's complaint under 28 U.S.C. § 1915 and found a number of deficiencies:  (1) as a former federal employee, she improperly sought relief under the ADA instead of the Rehabilitation Act; (2) she named improper defendants under Title VII and the Rehabilitation Act and failed to name the only proper defendant, the United States Postmaster General; and (3) she improperly named Union representatives as defendants, and if these defendants were properly named, her complaint failed to allege a plausible cause of action against them.  The magistrate judge ordered Ritchhart to file an amended complaint.

Ritchhart filed a pro se amended complaint on January 13, asserting claims under Title VII and the Rehabilitation Act against Louis DeJoy, the Postmaster General, and Brian Renfroe, the Union's national president.  She incorporated the factual allegations from her original complaint.  She also re-alleged the same facts regarding her filing of an EEO charge and her non-receipt of a right-to-sue letter.

2

The magistrate judge dismissed Ritchhart's claims against Renfroe pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[1]

DeJoy moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), arguing it was prematurely filed because Ritchhart had not exhausted her administrative remedies before filing suit. The district court agreed, concluding that Ritchhart admitted in her complaint, her amended complaint, and in response to DeJoy's motion that she had not fulfilled the exhaustion requirements. The court granted the motion and dismissed the amended complaint without prejudice on May 23.

According to her appeal brief, Ritchhart did not receive a right-to-sue letter from the USPS until June 14, 2023. *See* Aplt. Br. at 3 and Attach. 1.

## II.     Discussion

We review de novo the dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) and under Rule 12(b)(6). *See Conkle v. Potter*, 352 F.3d 1333, 1335 (10th Cir. 2003). We apply the same standard in assessing the propriety of dismissals under these provisions. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under that standard, we accept as true all well-pleaded factual allegations in a complaint and view these allegations and reasonable inferences therefrom in the light most favorable to the plaintiff. *See id.* But the plaintiff must

---

[1] After dismissal of the claims against Renfroe, the remaining parties consented to the magistrate judge's exercise of full jurisdiction under 28 U.S.C. § 636(c)(1).

3

allege facts that make her stated claims to relief facially plausible.  *See*

*Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir.

2011).  "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id*. (brackets and internal quotation marks omitted).

A complaint "fail[s] to state a claim if the allegations, taken as true, show the

plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  Thus,

where a complaint admits the elements of an affirmative defense, it may be dismissed

pursuant to Rule 12(b)(6).  *See Frost v. ADT, LLC*, 947 F.3d 1261, 1267 (10th Cir.

2020).  "We review the district court's legal determination that a plaintiff has failed

to exhaust her administrative remedies de novo."  *Smith v. Cheyenne Ret. Invs. L.P.*,

904 F.3d 1159, 1164 (10th Cir. 2018).

In deciding this appeal, we liberally construe Ritchhart's pro se filings but we

do not act as her advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir.

2013).

## A.    Dismissal of Claims Against Renfroe

The magistrate judge dismissed Ritchhart's claims against Renfroe for failure

to state a claim under § 1915(e)(2)(B)(ii).  In her sole reference to Renfroe in her

amended complaint Ritchhart stated, "I would like my union dues paid back to me by

Brian Renfroe."  Suppl. R., Vol. 1 at 11.  She further asserted, "I would also like to

not ever pay union dues again."  *Id.*

4

Ritchhart also incorporated the factual allegations from her original complaint. She alleged that she contacted the Union after her USPS manager told her that she would be expected to work twelve-hour shifts. She claimed that the Union confirmed that expectation and advised her to obtain a note from her doctor if her disability precluded working such a shift.

Ritchhart further alleged that USPS management told her she was being investigated by postal inspectors. When she informed the Union, a representative responded, "[T]hat is just something they want to give you excuses about and they're just trying to find a reason to throw the book at you." R., Vol. 1 at 15 (internal quotation marks omitted). She alleged that the individual identified as a union steward at her meeting with management regarding this investigation was not actually a union steward and that the Union "couldn't pinpoint who this person was." *Id.*

Ritchhart also alleged that a Union representative informed her of the corrective action process pursuant to the Union handbook, which she claimed the USPS did not follow before terminating her employment. She alleged that she provided a statement to the Union's local president for the filing of a grievance and the local president initially told her a grievance would be filed. But the local president later declined to file a grievance and stated, "[T]here is nothing I can do." *Id.* (internal quotation marks omitted). Ritchhart attached to her original complaint a text exchange in which the local president explained that "[t]here are no contractual violations in your removal." *Id.* at 19. Ritchhart alleged that the Union's district

5

office told her that grievances could be filed regarding "[w]orking more than 12 hours, managerial conduct, a right to a safe workplace, etc.," but the Union had done nothing regarding her issues. *Id.* at 16. She claimed that a Union representative told her that another person's EEO investigation took four years to be completed.

Ritchhart fails to show that the magistrate judge erred by dismissing her claims against Renfroe because her amended complaint did not state a plausible claim against him or the Union. She sought relief under Title VII and the Rehabilitation Act for discrimination based upon her gender/sex and her disability. In her appeal brief, Ritchhart argues that she stated a claim against Renfroe because she "got [her] local union involved with the situation" regarding her claims of discrimination by the USPS but the Union "decided to do nothing." Aplt. Br. at 2. She further asserts, "I went to [the Union] over several issues & they have failed to do what they are supposed to do since day 1." *Id.* at 3. But Ritchhart does not point to any facts in her amended complaint supporting a reasonable inference that Renfroe or the Union took or failed to take any action "because of" her gender/sex or her disability. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (Title VII standard); *Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997) (Rehabilitation Act standard). She therefore failed to plead facts that would allow a "court to draw the reasonable inference that [Renfroe or the Union are] liable for the misconduct alleged." *Jordan-Arapahoe*, 633 F.3d at 1025 (internal quotation marks omitted).[2]

---

[2] To the extent that Ritchhart asserts that the magistrate judge failed to consider relevant caselaw on this issue, she fails to cite any case.

We affirm the magistrate judge's dismissal of Ritchhart's claims against Renfroe for failure to state a claim under § 1915(e)(2)(B)(ii).

## B.    Dismissal of Claims Against DeJoy

The district court dismissed Ritchhart's claims against DeJoy for failure to state a claim under Rule 12(b)(6) because it was clear from the face of her amended complaint that she had not exhausted her administrative remedies.  "Federal employees alleging discrimination or retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (internal quotation marks omitted).  The "exhaustion requirement is not a jurisdictional prerequisite for suit but is a claims-processing rule that the employer may raise as an affirmative defense." *Id.*  When an employer properly raises a failure to exhaust, the court "must enforce" the requirement. *Id.*

Both Title VII and the Rehabilitation Act provide that the aggrieved federal employee may file a district court complaint either (1) within 90 days of receipt of notice of final action on the charge by the agency or receipt of notice of final action on an appeal by the EEO Commission (EEOC), or (2) after 180 days have elapsed without any action on the charge, measured from the filing date of the charge with the agency or the date of an appeal to the EEOC. *See* 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1); *see also* 29 C.F.R. § 1614.407(a)-(d).  A notification of final action "shall contain notice of . . . the right to file a civil action in federal district court . . . and the applicable time limits for . . . lawsuits."  29 C.F.R. § 1614.110(b).

This notice is commonly referred to as a "right-to-sue letter." *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1196 (10th Cir. 2003) (internal quotation marks omitted).

At the time Ritchhart filed her original complaint on January 5, 2023, her failure to exhaust her administrative remedies was apparent on its face. She alleged that she had filed an EEO charge on December 22, 2022, and that she had not yet received a right-to-sue letter. *See* R., Vol. 1 at 17.[3] Ritchhart made the same factual allegations in her amended complaint. *See* Suppl. R., Vol. 1 at 11. She also acknowledged in her original complaint that her civil action was premature. *See* R., Vol. 1 at 16 (asserting she should not have to wait for a right-to-sue letter to file a complaint in district court). Thus, it was clear that Ritchhart filed a civil action before receiving notice of final action on her charge or EEOC appeal, and without waiting for 180 days of inaction on her charge or EEOC appeal. Moreover, in response to DeJoy's motion to dismiss her amended complaint, Ritchhart agreed she had not exhausted her administrative remedies.

Ritchhart now argues that she did exhaust her administrative remedies because she received a right-to-sue letter in June 2023. But her subsequent receipt of a right-to-sue letter does not establish that the district court erred by dismissing her

---

[3] DeJoy asserts that Ritchhart did not actually file her EEO charge until January 28, 2023, *after* she filed her complaint in district court on January 5. He cites a declaration in support of his motion to dismiss. But the district court appropriately considered only the allegations in Ritchhart's amended complaint in ruling on DeJoy's Rule 12(b)(6) motion. *See* R., Vol. 1 at 59 & n.19.

claims against DeJoy in May 2023, *before* she had received notice of final action by the agency. DeJoy properly raised the affirmative defense of failure to exhaust and the district court properly applied it. Under the applicable statutes, Ritchhart could refile her claims against DeJoy—which the district court dismissed *without* prejudice—within 90 days of her receipt of the right-to-sue letter on June 14, 2023. The portion of that letter that Ritchhart attached to her appeal brief clearly advised her regarding this option and the time limit. *See* Aplt. Br., Attach. 1. Similarly, DeJoy's response brief in this appeal, which was filed before the 90-day time limit expired, also advised Ritchhart of her option to refile her claims within 90 days of her right to sue letter. *See* Aplee. (DeJoy) Br. at 8 n.2.

Finally, citing the Administrative Procedure Act, 5 U.S.C. § 702 (APA), Ritchhart contends the district court erred by applying the incorrect law. But she did not bring an action under the APA, and she fails to explain how the district court erred by applying the statutory exhaustion provisions in Title VII and the Rehabilitation Act—the statutes she relied on in her amended complaint.

Ritchhart fails to show that the district court erred in concluding that she prematurely filed her claims against DeJoy because she had not exhausted her administrative remedies. We therefore affirm the district court's dismissal without prejudice of Ritchhart's claims against DeJoy.

9

## III.    Conclusion

We affirm the district court's judgment.

Entered for the Court

Nancy L. Moritz
Circuit Judge